**David MALL and Judy Mall, Plaintiffs,**

v.

**Michael J. KELLY, as District Director of Internal Revenue for the Cheyenne, District, Defendant.**

**No. C82–061–K.**

United States District Court,
D. Wyoming.

June 3, 1983.

Richard P. Boley, Cheyenne, Wyo., for plaintiffs.

Michael P. Haney, Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

KERR, District Judge.

The above-entitled matter having come on regularly for hearing before the Court upon motions for summary judgment filed on behalf of both plaintiffs and defendant, and the Court having heard the arguments of counsel, and having carefully considered the memoranda in support of and in opposition to said motions together with all other material on file herein, and being fully advised in the premises FINDS as follows:

The parties at hearing on motions for summary judgment stipulated that the case is proper for determination on said motions. Counsel for defendant qualified his agreement by noting that there remained a question of fact as to whether it was reasonable for the commission to track down plaintiffs through the Internal Revenue Service Servicing Center in Ogden, Utah, which received *all* of plaintiffs' federal tax returns in the years involved. The Court notified counsel that a determination of the case would not be made on any basis involving the Ogden Servicing Center. Whether or not it was reasonable to use the servicing center to find plaintiffs is not considered by the Court in this Order, and was not necessary for determination of the case.

This Court has jurisdiction to enjoin the placement of liens or other measures instituted by the Internal Revenue Service in an attempt to collect the existing assessment against plaintiffs stemming from 1976 and 1977 federal tax returns. This jurisdiction exists notwithstanding the anti-injunction statute, 26 U.S.C. § 7421, in which specific exception is made for the provisions involved in this suit. *See also Austin v. Voskuil,* 493 F.Supp. 780 (E.D.Mo., E.D. 1980).

Plaintiffs claim that the assessments of tax deficiencies are invalid since the notices of said deficiencies were not made in accordance with the provisions of 26 U.S.C. §§ 6212, 6213. The relevant portions of those provisions provide:

§ 6212. Notice of deficiency.

(a) In general. If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for notice of deficiency.

(1) Income and gift and taxes imposed by [subtitle A, chapter 12,] chapter 41, chapter 42 [, chapter 43 or chapter 44]. In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, or chapter 44, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

§ 6213. Restrictions applicable to deficiencies; petition to Tax Court.

(a) Time for filing petition and restriction on assessment. Within 90 days, or 150 days if the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

Specifically plaintiffs claim that the notices of deficiency were not mailed to their "last known address."

The plaintiffs have filed joint federal income tax returns for the tax years 1976 through 1981. Plaintiffs are *not* tax protestors. Plaintiffs have moved several times in the five year period and the following addresses appeared on their federal tax returns for each of the corresponding years:

| | |
|---|---|
| 1976 | 1707 Banyon |
| | Ft. Collins, Colorado |
| 1977 | 5408 West Continental Drive |
| | Ft. Collins, Colorado |
| 1978 | 5317 Marshall Road |
| | Cheyenne, Wyoming |
| 1979—present | 4107 Clark Street |
| | Cheyenne, Wyoming |

Plaintiff David Mall is currently employed by Fitch Electric Company, Cheyenne, Wyoming and has been so employed since 1975. The address of Fitch Electric as plaintiff's employer has been on all W-2 forms attached to plaintiffs' tax returns from 1976 to 1981.

Plaintiffs received their 1978 tax refund check and the 1978 and 1979 tax packages at their then current Cheyenne, Wyoming addresses.

The notice of tax deficiencies for the 1976 and 1977 tax returns filed by plaintiffs was issued March 25, 1980. The notice was mailed to 5408 West Continental Drive, Ft. Collins, Colorado and returned to the Internal Revenue Service undeliverable on March 27, 1980. Apparently unable to contact plaintiffs, the Internal Revenue Service assessed a tax deficiency against plaintiffs. Notification of this assessment and request for payment was mailed to plaintiffs *at their current Cheyenne, Wyoming address* on November 5, 1980.

Plaintiffs admit that they never notified the Internal Revenue Service specifically when they moved; however, they did notify the Post Office of address changes, they did use their then current address on each tax return filed and there is no evidence that plaintiffs made any effort to mislead or hide from the Internal Revenue Service in their moves.

When plaintiffs moved from Colorado to Wyoming, they changed Internal Revenue districts. A standard of "reasonable care and diligence in ascertaining and mailing a Deficiency Notice to the correct address" is uncontested and well supported. *Green v. United States,* 437 F.Supp. 334 (N.D.Okl. 1977); *Crum v. Comm'r of Internal Revenue,* 635 F.2d 895 (D.C.Cir.1980). Defendant claims that mailing the notice to the last known address within a district is all that is required to meet the "reasonable care and diligence" standard. However, the Internal Revenue Manual, a national manual intended to provide suggestions or guidelines for Internal Revenue Service officers provides in part:

4253.5

Undeliverable Initial Contact Letter

(1) Clerical personnel should be used to obtain the taxpayer's current address by taking the following steps:

(a) Check all possible sources in the case file.

(b) Check the telephone and/or city directory . . .

. . . (d) Contact taxpayer's employer or third party, if known. . . .

(e) Contact the postmaster of the most recent address obtained under steps (a) through (d) above. Step (e) must not be taken unless steps (a) through (d) have first been taken. A stamped or typed certification, required by the postmaster, must be on these requests. The certification should be placed at the bottom of the request and should read as follows: "Change of address is required for official use. We have searched other known sources of information for address."

(2) The case file should be documented as to the steps taken to locate the taxpayer.

(3) If the taxpayer's correct address is ascertained, the correspondence will be readdressed and remailed.

(4) If the steps set forth in (1) above do not result in locating the taxpayer, a report will be prepared of proposed adjustments to specific items questioned and mailed to:

(a) the address shown on the return under examination, and

(b) the most recent address obtained by following steps (a) through (e) in (1) above.

Internal Revenue Manual, § 4253.5 pp. 4200–56 (12–11–80). The Court does not presume to suggest that these manual provisions have the authority of statutes or regulations. However, it would appear that they are provided for a purpose, and it is not unreasonable to assume that the steps set forth by the Internal Revenue Service itself would be a proper guide for the "reasonable and diligent" standard previously discussed. There is no evidence that the Internal Revenue Service followed any or all of these steps in attempting to notify plaintiffs in this case. In fact, had they contacted plaintiff David Mall's employer as the manual suggests, it is very likely plaintiffs' then current address would have been available.

The Internal Revenue Service contends that even had they used the address on the latest filed tax return of plaintiffs, the notice would not have been mailed to plaintiffs' current address. However, that is irrelevant. If the notice is sent to the "last known address", actual receipt is irrelevant. *Austin v. Voskuil, supra* at 785.

Furthermore, it is very clear that proper notice is required before a deficiency is assessed, and more than one Court has held that reasonable and diligent care results in a last known address "where the Secretary (or his delegate) reasonably believed the taxpayer wished notice to be sent." *Crum v. Comm'r of Internal Revenue, supra* at 898. The deficiency notice in this case returned "undeliverable" could not have led the Internal Revenue Service to assume that plaintiffs wished to be notified at that address. Surely it is not unreasonable to expect further investigation be done.

The Internal Revenue Service, faulty in its own organization and internal communication cannot be allowed to penalize plaintiffs for resulting inaccuracies, nor can plaintiffs be penalized for moving.

As the question of whether the last known address requirement has been met is a factual determination which is the ultimate issue in this case, this Court finds that based upon the facts and circumstances previously presented and on file herein, the Internal Revenue Service has not met its requirement of reasonably and diligently determining and mailing sufficient notice to plaintiffs' last known address. Absent proper and sufficient notice the assessment is void.

NOW, THEREFORE, IT IS

ORDERED that plaintiffs' motion for summary judgment be, and the same is, hereby granted; it is

FURTHER ORDERED that defendant's motion for summary judgment be, and the same is, hereby denied; it is

FURTHER ORDERED that defendant Michael J. Kelly, agent of the Internal Revenue Service attempting to collect the assessment, together with the United States

of America, its officers and agents be, and the same hereby are permanently restrained and enjoined from placing liens on plaintiffs' property or in any other way attempting to collect the assessment entered against plaintiffs concerning the alleged deficiencies in their 1976 or 1977 federal income tax returns.