**CYCLONE DRILLING, INC., a Wyoming corporation, Plaintiff-Appellant,**

v.

**Michael J. KELLEY, as District Director of Internal Revenue Service for the Cheyenne District, Defendant-Appellee.**

No. 84–2300.

United States Court of Appeals, Tenth Circuit.

Aug. 2, 1985.

Stanley S. Sheehan (Steven R. Czoschke with him on the brief), Sheehan, Stevens & Sansonetti, Gillette, Wyo., for plaintiff-appellant.

Martha Brissette (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, and Gilbert S. Rothenberg, Dept. of Justice, Washington, D.C., and Richard Allen Stacy, U.S. Atty., Cheyenne, Wyo., with her on the brief), Dept. of Justice, Washington, D.C., for defendant-appellee.

Before BARRETT, BREITENSTEIN, and TIMBERS,* Circuit Judges.

BARRETT, Circuit Judge.

Cyclone Drilling, Inc. (taxpayer) appeals from the district court's Order of Dismissal (With Findings), which denied taxpayer the injunction it sought against Michael J. Kelly, District Director of Internal Revenue Service for the Cheyenne District (Mr. Kel-

* The Honorable William H. Timbers, Senior Judge, United States Court of Appeals for the

ly was sued in his official capacity; the defendant in this case will hereinafter be referred to as "the IRS"). The IRS's motion to dismiss was filed pursuant to Fed.R. Civ.P. 12. Inasmuch as the motion was based on affidavits and other documents outside the pleadings, the district court properly treated the motion as one for summary judgment under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b); *Adams v. Campbell County School District,* 483 F.2d 1351 (10th Cir.1973). Fed.R.Civ.P. 56 provides that summary judgment is appropriate when the pleadings and evidence before the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Taxpayer sought an injunction barring the IRS from collecting an allegedly void assessment of tax deficiency. The deficiency represented underpayments in taxpayer's corporate income tax for the years 1979 and 1980. Under 26 U.S.C. § 6212, the IRS is required to send a "Notice of Deficiency" to the taxpayer's "last known address" before an assessment can be made. (If the taxpayer acquires timely *actual notice* of the deficiency, which is not the case here, the "last known address" requirement no longer pertains. *Pugsley v. Commissioner,* 749 F.2d 691, 692–93 (11th Cir.1985)). In this case, then, the taxpayer would be entitled to an injunction if the court were to find that the IRS did not send a Notice of Deficiency to the taxpayer's "last known address"; conversely, the IRS would prevail if the Notice was sent to that address. The district court found that there was no material issue of fact as to whether the IRS had sent the Notice of Deficiency to the taxpayer's "last known address"; the IRS had done so, and thus dismissal of the taxpayer's action was warranted.

We are presented with a single issue in this appeal: Did the district court err in its

Second Circuit, sitting by designation.

**664**

finding that no issue of material fact existed with respect to the question whether the IRS sent the Notice of Deficiency to taxpayer's "last known address"?

■ In order to ascertain what facts are material to the "last known address" determination, we must first define the term "last known address" itself. The term is not defined in either the statutes or the regulations; its definition has instead been accomplished by a substantial body of case law. Fundamentally, the term means "that address to which the IRS reasonably believes the taxpayer wishes the notice sent." *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir.1976); *Sorrentino v. Ross*, 425 F.2d 213, 215 (5th Cir.1970). *Delman v. Commissioner of Internal Revenue*, 384 F.2d 929, 932 (3d Cir.1967), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968). In recognition of obvious nationwide administrative realities, the burden is on the taxpayer to provide "clear and concise" notice of his current address to the IRS; the IRS is otherwise entitled to rely on the address shown on the taxpayer's tax return for the year in question. *Weinroth v. Commissioner*, 74 T.C. 430, 435 (1980). "Clear and concise" notice is notice by which the taxpayer indicates to the IRS that he wishes the new address to *replace* all old addresses in subsequent communication. *See Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 375 (1974), *aff'd mem.*, 538 F.2d 334 (9th Cir.1976). Such an indication of replacement may be either explicit or implicit; we follow the Ninth Circuit in our view that a taxpayer's subsequent tax return bearing a new address provides the IRS with "clear and concise" notice. *See United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.1984) *cert. denied* — U.S. —, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *Cool Fuel v. Connett*, 685 F.2d 309, 312 (9th Cir.1982); *McPartlin v. Commissioner*, 653 F.2d 1185, 1190 (7th Cir.1981) (citing Ninth Circuit cases). The address on the taxpayer's *most recent* return will therefore ordinarily be the taxpayer's last known address unless further "clear and concise" notice is provided to the IRS subsequent to the most recent return. (Verbal

notification may also qualify as "clear and concise" notice. *DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir.1967); *Cohen v. United States*, 297 F.2d 760, 773 (9th Cir.1962).)

In general, "[t]he relevant inquiry pertains to the IRS's knowledge rather than to what may in fact be the taxpayer's most current address in use." *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974) *aff'd mem.*, 538 F.2d 334 (9th Cir. 1976).

■ The IRS is, however, required to use "reasonable diligence" in attempting to ascertain the taxpayer's correct address. *Id., Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir.1982); *Mall v. Kelly*, 564 F.Supp. 371, 373 (D.Wyo.1983); *Tangren v. Mihlbachler*, 522 F.Supp. 701, 703 (D.Colo. 1981). The burden of proof is on the taxpayer to prove that this "reasonable diligence" was not exercised. *Green v. United States*, 437 F.Supp. 334, 337 (N.D.Okla. 1977.); *Butler v. District Director*, 409 F.Supp. 853, 856 (S.D.Tex.1975).

■ Within these general principles, the "last known address" determination is a factual question to be resolved upon the facts and circumstances of each particular case. *McPartlin v. Commissioner*, 653 F.2d 1185, 1189 (7th Cir.1981); *O'Brien v. Commissioner*, 62 T.C. 543, 550 (1974).

■ We now review the facts and documents that were before the district court at the time the IRS's motion for dismissal/summary judgment was granted. Before June, 1981, taxpayer used P.O. Box 246 in Gillette, Wyoming. Taxpayer's return for the 1978 tax year, received by the IRS on December 20, 1979, bore the P.O. Box 246 return address. R. at 40. Taxpayer's return for the 1979 tax year, received by the IRS on October 17, 1980, likewise bore the P.O. Box 246 return address. R. at 41. These were the returns for the "years in question"; i.e., the years for which a tax deficiency had been determined.

In June, 1981, taxpayer changed to the new address of P.O. Box 908, Gillette, Wyoming. After this date, however, taxpayer used the old P.O. Box 246 return address on two documents sent to the IRS. These documents were: (1) a Form 872, Consent to Extend the Time to Access Tax, received by the IRS on November 23, 1981 R. at 42–43; and (2) a Form 2848, Power of Attorney and Declaration of Representative, received by the IRS on August 11, 1982. R. at 46–47. Taxpayer, however, did use its new P.O. Box 908 return address on the following documents: (1) a Form 7005, Application for Additional Extension of Time to File Corporation Income Tax Return, received by the IRS on November 24, 1981, R. at 81; and (2) taxpayer's return for the 1980 tax year. R. at 82. (Date of receipt by IRS is unknown, since the IRS has not produced the original. Only an unsigned, undated copy is available.)

The IRS used taxpayer's P.O. Box 908 address some 15 times in correspondence concerning unrelated employee withholding matters between October 28, 1981 and June 10, 1982. R. at 83–97. Nevertheless, the IRS sent taxpayer its 30-day Notice of Deficiency, dated May 6, 1982, to P.O. Box 246. R. at 44–45. This notice was apparently neither received nor returned. The IRS followed with a 90-day Notice of Deficiency, dated July 23, 1982, which was also sent to P.O. Box 246. R. at 48. This notice was returned to the IRS marked "forward expired." R. at 48–49. The IRS's Final Notice, dated April 29, 1983, was sent to P.O. Box 908. R. at 19.

Taxpayer filed its complaint in the district court on January 17, 1984. R. at 1–4. The IRS's Answer was filed March 19, 1984. R. at 24. On May 21, 1984, taxpayer served upon the IRS a set of interrogatories, inquiring as to the methods used by IRS in ascertaining taxpayer's address on various correspondence and requesting production of any pertinent IRS procedural manuals. R. at 55–61. The IRS responded on June 8, 1984 with a Motion For Protective Order. R. at 52–54. This was followed on June 14 by the IRS's Motion to Dismiss or for Summary Judgment. R. at 25–26. After consideration of the various memoranda and affidavits submitted by the parties, the court granted the IRS's Motion to Dismiss by its Order of Dismissal (With Findings) on August 16, 1984. R. at 111–115. The court did not rule on the IRS's Motion for Protective Order; thus, taxpayer did not receive the discovery material requested.

On the basis of this factual record, we must hold that an issue of material fact remained on the question of taxpayer's "last known address." The court's grant of summary judgment was therefore premature.

When we view the factual evidence and permissible inferences therefrom in the light most favorable to the non-moving party, as we must, *Brown v. Parker-Hannifin Corp.*, 746 F.2d 1407, 1411 (10th Cir.1984), material questions exist as to what the various offices of the IRS knew or should have known relative to taxpayer's "last known address" at certain critical times. The "reasonable diligence" required of the IRS has not been adequately explored. The IRS has not complied with taxpayer's discovery requests, accordingly, the non-moving party has not had a "full and fair opportunity to ventilate the issues involved in the motion." *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982), *citing Fountain v. Filson*, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971 (1949). Specifically, taxpayer has not been afforded the opportunity to ascertain whether or not the IRS had complied with its internal procedures. The IRS's noncompliance with its procedures was found to be very important in *Mall v. Kelly*, 564 F.Supp. 371 (D.Wyo. 1983); surely the taxpayer here is entitled to know more about how its own case was handled.

We express no view on the merits of this case. Both parties have used both addresses after taxpayer's address changed to P.O. Box 908. Under such circumstances, the "last known address" determination should be made only after a complete consideration of all pertinent facts and reasonable

inferences. The case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.