SUSAN L. TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 11003-87.
United States Tax Court
T.C. Memo 1988-152; 1988 Tax Ct. Memo LEXIS 180; 55 T.C.M. (CCH) 596; T.C.M. (RIA) 88152; April 12, 1988. *180 P filed her 1982 individual Federal income tax return under the name of "Susan L. Taylor." For the taxable years 1983 and 1984, P filed joint returns with her husband under the names of "Robert and Susan Taylor Schroeder," reflecting a different address than that shown on her 1982 return. On February 15, 1985, R sent correspondence to P at the address shown on her 1982 return (the South Home address). This correspondence was returned to R as undeliverable. On July 17, 1985, R issued a notice of deficiency to P at the South Home address determining a deficiency for the taxable year 1982. R moved to dismiss for lack of jurisdiction because the petition was not timely filed. Held, that after R became aware that P no longer resided at the South Home address, he was required to exercise reasonable diligence to ascertain P's last known address. Held further that R failed to establish that he made a reasonably diligent effort to ascertain P's last known address. Held further that R's motion to dismiss for lack of jurisdiction is denied. Susan L. Taylor, pro se. Terry W. Vincent and Chris Ray, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case *181 is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. [1] The issue for decision is whether the notice of deficiency was mailed to petitioner at her last know address. By notice of deficiency, dated July 17, 1985, respondent determined a deficiency for the taxable year 1982 in the amount of $ 2,616. The notice was sent by certified mail on July 17, 1985, to petitioner at 112 S. Home 3, Oak Park, Illinois 60302 (the South Home address). The petition was filed April 29, 1987, which date is 651 days after the mailing of the notice of deficiency. [2]
In his motion, respondent argues that this case should be dismissed for lack of jurisdiction because the petition was not filed within the time required by section 6213(). Petitioner argues that the notice of deficiency was not sent to her last known address and that she did not receive the notice. *182 In this regard, petitioner states that tat the time the notice of deficiency was issued, she resided at 400 S. Scoville #3E, Oak Park, Illinois 60302 (the South Scoville address). Petitioner further states that she gave respondent notice of this new address when she filed her 1983 and 1984 joint Federal income tax returns with her husband under the names of Robert and Susan Taylor Schroeder and showing the South Scoville address. Section 6213(a) provides that a petition must be filed within 90 days after the notice of deficiency is issued. There is no question but that the petition was not timely filed. It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. See Pyo v. Commissioner,83 T.C. 626 632 (1984); Mollet v. Commissioner, 82 T.C. k618, 623 (1984), affd. without published opinion 757 F.2d 286 (11thCir. 1985); Keeton v. Commissioner, 74 T.C., 377, 379 (1980). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Section 6212(a) and (b)(1). As a general matter, respondent is entitled to treat the address appearing on the *183 return for the year in question as the taxpayer's last known address absent "clear and concise notification" of a new address. Alta Sierra Vista, Inc. v. Commissioner, 62 t.C., 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). We have generally held that the filing of a subsequent return with a change of address does not constitute clear and convincing evidence of notice of a change of address. Weinroth v. Commissioner,74 T.C. 430, 436-437 (1980); Budlong v. Commissioner,58 T.C. 850, 852-853 (1972). However, in McPartlin v. Commissioner,653 F.2d 1185 (7th Cir. 1981), the Seventh Circuit [3] held that "subsequently filed returns must be considered relevant when determining a taxpayer's last known address." Under the circumstances of that case, the Court found that the notice of deficiency was not sent to the taxpayer's last known address. [4] *184 Petitioner in this case filed 1983 and 1984 returns showing her knew address. The returns were joint returns filed under the names of "Robert and Susan Taylor Schroeder," and showing here taxpayer identification number as the secondary (spouse's) number on the return and her husband's taxpayer identification number as the primary number. Petitioner's 1982 return had been filed under petitioner's sole name of Susan L. Taylor and showed her taxpayer identification number as the primary number on the return. We note that on February 15, 1985, respondent *185 sent correspondence to petitioner at her old address. This correspondence was returned to respondent marked "undeliverable" prior to the issuance of the notice of deficiency. Therefore, prior to the date respondent issued the notice of deficiency, he knew that petitioner no longer resided at the address to which the notice was sent. Where respondent knows that a taxpayer has moved, he has a duty to exercise reasonable diligence to ascertain the taxpayer's last known address. See Frieling v. Commissioner,81 T.C. 42, 49 (1983). Whether respondent has properly discharged this obligation is a question of fact. McPartlin V. Commissioner, supra.
We believe that respondent, in the exercise of diligence, and pursuant to McParlttin v. Commissioner, supra, should have conducted a computer search in an attempt to ascertain petitioner's new address. In this regard, respondent, in his response to the Court's December 7, 1987 order, states that he is unsure what action was taken after the return of the February 15, 1985 correspondence to locate a new address for petitioner. [5] In particular, respondent states that he is unsure of whether a computer search was conducted. Since respondent *186 did not locate a new address for petitioner, it appears that either no computer search was conducted, or a computer search was improperly conducted such that it failed to turn up petitioner's new address. Based on the circumstances of this case, and the record as a whole, we conclude that respondent failed to exercise reasonable diligence to ascertain petitioner's last known address. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction will be denied. Furthermore, since no valid notice of deficiency was issued to petitioner's *187 last known address, this matter will be dismissed for lack of jurisdiction. An appropriate order will be entered.
Footnotes
1. This case was heard pursuant to section 7443A of the Internal Revenue Code of 1986↩ and Rule 180. all section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure. 2. At the time of filing the petition herein, petitioner resided at Milwaukee, Wisconsin. ↩
3. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971). Since any appeal in this case lies to the Seventh Circuit, we must follow the decisions of that Court for our determination of jurisdiction herein. 4. The particular facts of that case which, when considered together, caused the Court to so hold are as follows: (1) in 1976 the taxpayers filed two documents (including their 1976 return) with the Kansas City Service Center, both documents showing their new address; (2) prior to the date the notice of deficiency was issued, respondent communicated with the taxpayers by mail at the new address; (3) an agent of respondent was actually aware of their new address; (4) the taxpayers did not attempt to conceal their new address; (5) respondent's file on the taxpayers did not contain a return receipt for the notice of deficiency; and, (6) respondent was able to locate the taxpayers in 1979 when he sought to collect the tax. 5. In his response to the Court's Order dated December 7, 1987, respondent included a copy of the Kansas City Service Center "Desk Procedures for Undeliverables." According to this document, one of the steps to locate a new address is to conduct a computer search. While respondent's internal procedures do not have the force of effect of law ( Foxman v. Renison,625 F.2d 429, 432 (2d Cir. 1980); Einhorn v. Dewitt,618 F.2d 347, 350 (5th Cir. 1980)), it is not unreasonable to presume that steps set forth by respondent would provide a somewhat proper guide to the reasonable diligence standard. See Mall v. Kelly,564 F. Supp. 371↩ (D. Wyo. 1983).