RICHARD C. KING AND LYNN C. KING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 37914-87
United States Tax Court
T.C. Memo 1989-453; 1989 Tax Ct. Memo LEXIS 453; 57 T.C.M. (CCH) 1391; T.C.M. (RIA) 89453; August 28, 1989
R. Lawrence Heinkel, for the petitioners. Francis C. Mucciolo, for the respondent. FAY
MEMORANDUM *454 OPINION FAY, Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986, and Rules 180, 181, and 183. [1] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: This case is before the Court on the following motions: (a) respondent's Motion To Dismiss For Lack Of Jurisdiction filed February 25, 1988; and (b) petitioners' Motion To Dismiss For Lack Of Jurisdiction filed March 21, 1988. A hearing on both motions was held on May 9, 1988, at a trial session of the Court in Jacksonville, Florida. The issue for decision is whether the notice of deficiency for the taxable years 1980 and 1981, dated October 15, 1985, was mailed to petitioners' "last known address" within the meaning of section 6212(b). If we find that the notice of deficiency was mailed to petitioners' *455 last known address, then respondent's motion will be granted because the petition was filed more than 90 days after the notice of deficiency was mailed. If we find that the notice of deficiency was not mailed to petitioners' last known address, then petitioners' cross-motion to dismiss for lack of jurisdiction will be granted on the ground that the notice of deficiency is invalid. Respondent received from petitioners an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (Form 4868) for the 1980 taxable year, dated April 15, 1981. The address on the above application was 1120 Powell Drive, Singer Island, Florida (Powell address). Petitioners filed two subsequent Applications for Extension of Time to File (Form 2688), dated June 15, 1981, and October 15, 1981, respectively. The 1980 Forms 2688 also reflected petitioners' then present home address as the Powell address. Respondent received petitioners' 1980 joint Federal income tax return on October 16, 1981. The address as reflected on the 1980 return was the Powell address. Respondent received from petitioners their 1981 Federal income tax return on November 1, 1982. The address that appeared *456 on the foregoing return was the Powell address. Attached to the 1981 Federal income tax return was a copy of Forms 4868 and 2688, which also reflected the Powell address as petitioners' then present home address. During March 1984, petitioners and respondent executed a Special Consent to Extend the Time to Assess Tax (Form 872-A) as it related to petitioners' 1980 Federal income tax return. The address as reflected on the Form 872-A was once again the Powell address. Petitioners filed a Form 4868 for the 1984 taxable year on April 15, 1985 which set forth 304 Spring Run Circle, Longwood, Florida (Spring address), as petitioners' then present home address. Respondent also received from petitioners on August 19, 1985, a Form 2688 regarding petitioners' 1984 taxable year. The address as reflected on such form was the Spring address. Petitioners did not indicate that the address shown on either of the 1984 Forms 4868 or 2688 was a change of address. Upon receipt of the Forms 4868 and 2688 for the 1984 taxable year, respondent did not change petitioners' address in the computer records (Master File). An approved Form 2688 was returned by the Atlanta Internal Revenue Service Center *457 (Service Center) on September 19, 1985. A copy of such form was mailed to petitioners at the Spring address. On June 24, 1985, Revenue Agent Manley Gillis (Gillis), received a returned Form 872 regarding the proposed extension of petitioners' 1981 Federal income tax return. Gillis subsequently contacted petitioners' attorney-in-fact, R. Talley Melton, (Melton). Melton, who prepared petitioners' 1980 and 1981 Federal income tax returns was uninformed as to petitioners' whereabouts. Consequently Gillis conducted a computer search of the Service Center records to verify petitioners' last known address. Respondent's computer printout indicated that on August 9, 1985 petitioners' last known address was the Powell address. Respondent's agent, Martha Hawkins (Hawkins) of the quality review staff in Jacksonville, Florida, conducted an additional computer search of the Service Center records on October 4, 1985. Hawkins' role was to review the administrative file and issue the notice of deficiency. Hawkins' computer search resulted in a finding that petitioners' last known address was the Powell address. A notice of deficiency dated October 15, 1985, was sent by certified mail to *458 petitioners at the Powell address and was returned by the United States Postal Service (Post Office) to respondent on October 25, 1985. The envelope containing the notice of deficiency was stamped "RETURNED TO SENDER, Not Deliverable as Addressed, UNABLE TO FORWARD." Respondent had additionally mailed a copy of the notice of deficiency to Melton as listed on the Power of Attorney and Declaration of Representative (Form 2848). The Post Office returned Melton's copy of the notice of deficiency to respondent on October 24, 1985, and had stamped thereon, "RETURN TO SENDER, NO FORWARDING ORDER ON FILE, UNABLE TO FORWARD." Respondent did not remail the statutory notice of deficiency to petitioners or recheck the computer records. Petitioners filed their 1982 Federal income tax return on July 14, 1987, and their 1983, 1984 Federal income tax returns on October 9, 1987. Petitioner filed a petition with this Court on December 4, 1987, 780 days after the notice of deficiency was mailed. It is evident from the facts above, that petitioners have changed their residence numerous times since they filed their 1980 and 1981 Federal income tax returns. [2] Petitioners moved from their Powell *459 address in October, 1983, to an unidentified address in Titusville, Florida. Additionally petitioners moved in October of 1984 to Hilton Head, South Carolina, where they resided for a period of four months, only to move in January, 1985 to the Spring address. At the date of the hearing, petitioner (Richard) testified that petitioners have subsequently moved from their Spring address to their present address at Shadwell Circle, Heathrow, Florida (Shadwell address). Respondent, in support of his motion to dismiss for lack of jurisdiction, contends that he mailed the statutory notice of deficiency for 1980 and 1981 to petitioners' "last known address" as required by section 6212(b), that the petition was untimely filed, and, therefore, his motion should be granted. Conversely, petitioners maintain that respondent did not mail the notice of deficiency to their "last known address" as required by section 6212(b), and, therefore, we should grant their motion. Petitioners' position is based on the following *460 arguments (1) respondent had knowledge of petitioners' Spring address when the statutory notice of deficiency was mailed by respondent on October 15, 1985, because that was the address which was reflected on Form 4868, dated April 15, 1985; (2) respondent had knowledge of petitioners' Spring address when the statutory notice of deficiency was mailed by respondent on October 15, 1985, because that address was reflected on Form 2688, dated August 19, 1985; (3) respondent had knowledge of petitioners' Spring address by virtue of a copy of approved Form 2688 being mailed by respondent to petitioners at their Spring address on September 19, 1985; and (4) assuming, inter alia, even if petitioners did not notify respondent of their correct address respondent failed to exercise reasonable care and diligence in ascertaining petitioners' correct address. Section 6213(a) provides that a petition must be filed within 90 days, or 150 days if the notice is addressed to a person outside of the United States, after the notice of deficiency is issued. The petition in the instant case, filed more than 26 months after the notice of deficiency was issued, was not timely filed. It is well settled that *461 to maintain an action in this Court, there must be a valid notice of deficiency and a timely petition. See Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Mollet v. Commissioner, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). A valid notice of deficiency has been issued if it is mailed to the taxpayer's "last known address" by certified or registered mail. Sec. 6212(a) and (b)(1). Generally, the mailing of the notice to the taxpayer's "last known address" is sufficient whether or not the notice of deficiency is received. Frieling v. Commissioner, 81 T.C. 42 (1983). Unfortunately, the phrase "last known address" is not defined in the applicable Code section or the attendant regulations. We held in Brown v. Commissioner, 78 T.C. 215, 218-219 (1982), that this phrase means: the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during *462 such period. Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent. Weinroth v. Commissioner, supra; Looper v. Commissioner, 73 T.C. 690, 696 (1980). The relevant focus is thus on the Commissioner's knowledge rather than on what in fact may have been the taxpayer's actual address in use. Alta Sierra Vista, Inc. v. Commissioner, supra.
Until recently, it has been our position that respondent is entitled to treat the address of the taxpayer appearing on the return under examination as the taxpayer's last known address, absent "clear and concise notification" of an address change. See, e.g., Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Once respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining *463 and mailing the notice of deficiency to the correct address. Frieling v. Commissioner, supra at 49. However, this obligation arises only if respondent becomes aware of an address change prior to mailing the notice of deficiency to the taxpayer's last known address. Monge v. Commissioner, 93 T.C. , (July 12, 1989) (slip opinion at p. 17). Whether respondent has properly discharged this obligation is a question of fact. Weinroth v. Commissioner, supra at 435-436; Alta Sierra Vista, Inc. v. Commissioner, supra.
Petitioners do not contend that consonant with the applicable law they "clearly and concisely" notified respondent of their correct address. Rather petitioners' first and second arguments are based upon a proposition that is not reflective of the applicable law. This Court has found no case in which a Court has held that the filing of Forms 4868 or 2688 constitutes clear and concise notification of a change of address. Indeed, this Court has recently held to the contrary in Monge v. Commissioner, supra; Lincoln v. Commissioner, T.C. Memo. 1988-93. In Monge v. Commissioner *464 , supra, the address used by the taxpayers on their 1982 return and the address used by taxpayer (Mr. Monge) on his 1983, 1984 and 1985 returns was the office address for Hendricks Co., Mr. Monge's financial consultant. Although Mr. Monge used other addresses on various forms filed with respondent, his 1982, 1983, 1984, and 1985 returns all used the address of Hendricks Co. as his address. For example, extensions of time to file the taxpayers' 1982 return were sought and received after Forms 4868 and 2688 were filed on their behalf on April 13, 1983, and August 3, 1983, respectively. Both forms reported taxpayers' address as "1214 Oak Street, Grand Prairie, TX 75050." Nevertheless, in filing their 1982 return, taxpayers reported the Houston address, the location of Hendricks Co. at the time, as their address. Similarly, extensions of time to file Mr. Monge's 1985 return were sought and received after Forms 4868 and 2688 were filed on his behalf on April 11, 1986, and August 11, 1986, respectively. Both forms used the Lakeside address as Mr. Monge's. Nevertheless, in filing his 1985 return, Mr. Monge reported the Spring, Texas address, the location of Hendricks Co. at that *465 time, as his address. The above pattern suggested that Mr. Monge wanted all notices and correspondence from respondent to be sent to Hendricks Co., his return preparer and financial consultant. Nevertheless, taxpayers argued that Mr. Monge wanted respondent to use the Lakeside address, not the address for Hendricks Co., and that he gave respondent clear and concise notification of his wishes in that regard on Forms 4868 and 2688 for the year 1985. Respondent used the Houston address of Hendricks Co. in mailing the notice of deficiency to taxpayers for the year 1982. The notice of deficiency did not reach Hendricks Co., because Hendricks Co. moved from the Houston address less than sixty days before respondent mailed the notice. In any event, the Houston address was not only the address used on Mr. Monge's 1982 return, but also the address used on his 1984 return, the most recently filed and processed return at the time the notice of deficiency was mailed. Therefore in view of the foregoing we held that the filing of Forms 4868 or 2688 either singly or together without a notation that the address as reflected is new does not suffice as clear and concise notification of a change *466 of address. See Monge v. Commissioner, 93 T.C. (July 12, 1989) (slip opinion p. 15). In Lincoln v. Commissioner, supra, respondent issued a notice of deficiency to the taxpayer on August 6, 1985. On the previous April 15, 1985, the taxpayer filed a Form 4868 for an extension of time to file his 1984 Federal income tax return. The taxpayer contended that the form set forth the address at which he resided at the time the notice of deficiency was mailed. The residence was one of many the taxpayer had moved to since he filed his Federal income tax return for 1981, the year for which the notice of deficiency was sent. Both the 30-day letter and the notice of deficiency were returned to respondent undelivered. This Court recognized that respondent does not change a taxpayer's address in the Internal Revenue Service's Master File to reflect the address on a Form 4868 unless the taxpayer has indicated the address on the form is new and as such constitutes a change of address. The taxpayer did not so indicate in Lincoln v. Commissioner, supra, and respondent was therefore unaware of the taxpayer's address on the form at the time the notice *467 of deficiency was subsequently mailed. In the instant case respondent did not know of petitioners' Spring address as reflected in either 1984 Forms 4868 or 2688 because, as previously stated, respondent's procedures at the Service Center do not include changing a taxpayer's address in the Master File to the address set forth in either of the foregoing forms unless the taxpayer indicates that the address as reflected on the applicable form is intended to be a change of address. See Lincoln v. Commissioner, supra.
During the two week period preceding April 15, 1985, over 500,000 Forms 4868 were filed with the Service Center, of which petitioners' Form 4868 was one. Additionally the Service Center processed approximately 115,000 Forms 2688 during a two month period preceding and subsequent to August 19, 1985, the date petitioners filed their Form 2688 with the Service Center. Petitioners' attempt to minimize the administrative burden that they now urge the Court to impose upon respondent concerning the updating of addresses on Forms 4868 or 2688. Petitioners cite the fact that respondent updates the computer with a new address on a taxpayer's Federal income *468 tax return and that 15,000,000 such returns were filed with the Service Center during 1985. Petitioners seek to compare the aggregate number of Federal income tax returns received by the Service Center with the relatively small number of Forms 4868 or 2688. Petitioners' quantitative premise thereby assumes that the burden of updating the addresses on all Forms 4868 or 2688 filed with the Service Center would not be substantial. Petitioners' premise assumes too much. See Monge v. Commissioner, supra, slip op. at 16. This Court in Abeles v. Commissioner, 91 T.C. 1019 (1988), has recently addressed respondent's enhanced record keeping abilities, the accessibility of information contained therein, and respondent's duties as it relates to a taxpayer's last known address. In Abeles v. Commissioner, supra, we held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notice of a change of address. In Abeles v. Commissioner, supra at 1035, we stated as follows: a taxpayer's last known address is that address which appears on the taxpayer's most recently filed *469 return, unless respondent has been given clear and concise notification of a different address. For these purposes, * * * a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. * * * the address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using * * * both taxpayers' [taxpayer identification numbers] in the case of a previously filed joint return. [Emphasis in original; fn. ref. omitted.] Petitioners would have this Court draw a line beyond Abeles v. Commissioner, supra, but a line has already been drawn which is rationally supportable. Petitioners through their own inaction were delinquent in filing their 1982, 1983, and 1984 Federal income tax returns, thereby not providing respondent with a more current address. *470 Additionally petitioners fail to take note of the purpose underlying Forms 4868 and 2688, that of extending the time to file a taxpayer's Federal income tax return. The foregoing forms do not serve as a change of address form unless noted as such. Furthermore, petitioners' advancement of the argument regarding the relatively effortless accessibility of respondent's computer records involving Forms 4868 and 2688 would require imposing a burden upon respondent which this Court is not prepared to do. See Monge v. Commissioner, supra, slip op. at 16. Petitioners nevertheless ask the Court to reconsider our holding in Lincoln v. Commissioner, supra.We decline petitioners' request. Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to (the taxpayer's) proper address. Alta Sierra Vista, Inc. v. Commissioner, supra.
Absent an indication from a taxpayer that the address that appears on the extension form is new and as such constitutes a change of address, we decline to require respondent to update a taxpayer's address in the Service Center Master File with the address listed *471 on either Form 4868 or Form 2688. Such an address may be temporary. If so, it should not be used by respondent because a statutory notice sent to a temporary address is invalid unless actually received. United States v. Zolla, 724 F.2d 808, 811 (9th Cir. 1984). If we were to carry petitioners' argument to its logical conclusion, petitioners would have us believe that if the notice of deficiency had been mailed to petitioners at their Spring address, after petitioners had moved to their Shadwell address, and that petitioners did not receive the notice of deficiency, petitioners would argue that the Spring address was just temporary and the notice of deficiency, therefore, was not mailed to their last known address. Thus, petitioners' own situation demonstrates the slippery slope petitioners would have us descend. Petitioners' third argument attempts to impute notice to respondent with respect to the 1984 Form 2688 because respondent returned to petitioners a copy of the above approved form. Relying on Pyo v. Commissioner, 83 T.C. 626 (1984), petitioners contend that a copy of the Form 2688 returned to petitioners constitutes correspondence with *472 respondent that confirms respondent's knowledge of their new address. The facts of Pyo v. Commissioner, supra, however, differ from those in the instant case in at least one critical respect. In Pyo v. Commissioner, supra, respondent's District Director in Los Angeles conducted an examination of the taxpayers' 1976 and 1977 Federal income tax returns, which set forth the same address. While the District Director's examination was taking place, the same Los Angeles District Office corresponded with the taxpayers at a different address, to which the taxpayers had moved after filing their 1976 and 1977 Federal income tax returns. The correspondence concerned the examination of the taxpayers' 1978 and 1979 Federal income tax returns, which set forth the address to which the correspondence was sent. After corresponding with the taxpayers at that address, the District Director mailed a notice of deficiency pertaining to the taxpayers' Federal income tax returns for 1976 and 1977 to the old address as listed on such Federal income tax returns. This Court decided that the notice of deficiency was not mailed to the taxpayers' last known address *473 because it was sent by the very same District Director's office that was corresponding with the taxpayers at their new address concerning an examination of the taxpayer's 1978 and 1979 Federal income tax returns. In the instant case, the copy of the approved Form 2688 mailed to petitioners was issued by the Atlanta Service Center, whereas the examination of petitioners' 1980 and 1981 Federal income tax returns was being conducted by the District Director's Office in Jacksonville, Florida. This factor alone is dispositive and distinguishes the instant case from Pyo v. Commissioner, supra, and therefore makes it inapplicable. Petitioners' final argument is that assuming, arguendo, petitioners did not provide clear and concise notification petitioners should still prevail because respondent did not exercise reasonable care and diligence in ascertaining petitioners' correct address. Petitioners bear the burden of proving that reasonable diligence was not exercised by respondent. Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985). In support of their contention, petitioners state that after Gillis discovered that petitioners *474 had moved from the Powell address by virtue of the returned as undelivered Form 872, Gillis did not search beyond the administrative file for petitioners' last known address. Petitioners fail to take note of the fact that respondent's duty of reasonable diligence does not extend beyond the time that the notice of deficiency is mailed. See Monge v. Commissioner, supra, slip op. at 19. In any event the foregoing assertion by petitioners is contrary to the facts. Gillis not only contacted Melton but additionally requested from respondent's Master File petitioners' last known address. The address as reflected by the Master File was petitioners' Powell address, as reflected by petitioners' 1980 and 1981 Federal income tax returns. Furthermore, as has already been stated, petitioners' 1982, 1983, and 1984 Federal income tax returns were not filed until 1987. Petitioners also seek to attribute a lack of reasonable care and diligence to Hawkins, namely, that Hawkins did not search beyond the administrative file for petitioners' then current address. Hawkin's computer search yielded the Powell address as reflected on petitioners' 1980 and 1981 Federal income tax returns for *475 the same reasons as Gillis's search proved futile. Based upon the record in this case, we conclude that respondent acted with reasonable diligence in mailing the notice of deficiency on October 15, 1985, to the Powell address. The Powell address was petitioners' "last known address" within the meaning of section 6212(b)(1), and the notice of deficiency so sent was valid. The petition filed 780 days after the mailing of the notice of deficiency was untimely. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioners' motion to dismiss for lack of jurisdiction will be denied. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable years 1980 and 1981, and rule numbers refer to the Rules of Practice and Procedure of this Court.↩
2. The record reflects that petitioners resided in Titusville, Florida for the taxable year 1978. A period for which petitioners have also been issued a notice of deficiency.↩