982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 A. Ervin HOWELL, Plaintiff-Appellant,
v.
UNITED STATES of America; Internal Revenue Service,
Defendants-Appellees.
 No. 92-3016.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant A. Ervin Howell appeals from an order of the district court dismissing his complaint for lack of subject matter jurisdiction. Howell sought to enjoin the Internal Revenue Service (IRS) and the United States from imposing liens and levies against his property in an effort to collect his allegedly deficient personal income taxes. The district court held that the Anti-Injunction Act, 26 U.S.C. § 7421, prohibits this suit to enjoin the collection of taxes. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). Before assessing or collecting a tax deficiency, the IRS must mail a deficiency notice to the taxpayer. 26 U.S.C. §§ 6212 and 6213. The taxpayer can obtain injunctive relief if the IRS fails to send the deficiency notice to the taxpayer's last known address. See Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 663 (10th Cir.1985); see also Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987). The district court found the IRS sent the statutory notice of deficiency to Howell's last known address. The court, therefore, concluded that it lacked subject matter jurisdiction over Howell's suit.
 
 
 4
 We review a dismissal for lack of subject matter jurisdiction de novo. Williams v. United States, 957 F.2d 742, 743 (10th Cir.1992). The issue on appeal is whether the IRS complied with the statutory requirement to forward a deficiency notice to Howell's last known address.
 
 
 5
 The IRS assessed deficiencies against Howell for his personal income taxes for tax years 1982 through 1985. The IRS sent a deficiency notice to the address on Howell's most recently filed personal income tax return, which was for the 1981 tax year. The 1981 tax return showed an address in York, Maine. The IRS also sent a duplicate notice to another Maine address that appeared on a letter Howell sent to the IRS in 1987 concerning his personal income taxes. Howell never received either deficiency notice because he moved from Maine to Junction City, Kansas. Apparently, Howell learned of the tax assessment only when he received a notice of intent to levy on his property.
 
 
 6
 We have stated that the "address on the taxpayer's most recent return will ... ordinarily be the taxpayer's last known address unless further 'clear and concise' notice is provided to the IRS subsequent to the most recent return." Cyclone Drilling, 769 F.2d at 664. However, the IRS must exercise " 'reasonable diligence' in attempting to ascertain the taxpayer's correct address." Id. The taxpayer bears the burden to prove the IRS failed to exercise reasonable diligence. Id.
 
 
 7
 Howell claims the IRS was clearly on notice that he had moved to Junction City, Kansas, because he sent certain checks, forms, and correspondence to IRS offices in Topeka, Kansas, and Austin, Texas. As further evidence that the IRS knew he was living in Kansas, Howell points out that he received correspondence from the IRS at his Junction City, Kansas, address.
 
 
 8
 All of the tax forms, checks, and correspondence to which Howell draws our attention concern the employment tax liabilities of his medical practice. We recognize that Howell's full name appeared on most of these items and that Howell included his social security number on the face of the checks. Nevertheless, none of the items informed the IRS that Howell had moved or that he intended his Kansas address to replace an old address. We agree with the district court that the information Howell set forth on his business tax returns, and on checks and correspondence associated with his business tax returns, did not clearly and concisely inform the IRS that he intended to change his address for purposes of his personal income taxes. See Stein v. Commissioner, 60 T.C.M. (CCH) 211, 216 (1990) (recognizing unreasonable administrative burden of cross referencing individual taxpayer accounts with business accounts, and noting that "[t]axpayers can, and more often than not do, have different addresses for their residence and their business"); see also Lueck v. Commissioner, 60 T.C.M. (CCH) 27, 30-31 (1990) (recognizing that IRS maintains business and individual tax records separately).
 
 
 9
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3