CHARLES E. CHASE and MARCIA H. CHASE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chase v. Commissioner
Docket No. 37090-85
United States Tax Court
T.C. Memo 1990-139; 1990 Tax Ct. Memo LEXIS 139; 59 T.C.M. (CCH) 116; T.C.M. (RIA) 90139; March 15, 1990
*139 Ps timely filed their 1981 Federal income tax return bearing address A. In July 1984, Ps moved to address B. In September 1984, and January 1985, Ps respectively mailed the third and fourth installments of their 1984 estimated income tax liability to the Fresno Internal Revenue Service Center. Ps made each remittance by using pre-printed Forms 1040-ES accompanied by their personal check. Ps crossed out address A appearing on the pre-printed Forms 1040-ES and typed in address B. On April 9, 1985, respondent sent a notice of deficiency for 1981 to Ps at address A. The notice was returned to respondent, and placed in respondent's files. Held: The crossing out of address A appearing on Forms 1040-ES in September 1984, and January 1985, and the typing in of address B thereon constituted clear and concise notice of Ps' change of address. Respondent did not mail the notice of deficiency to Ps' last known address (address B). Accordingly, Ps' motion to dismiss for lack of jurisdiction will be granted. Lawrence Brookes, for the petitioners. Debra K. Estrem, for the respondent. JACOBS
*254 MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: This matter is before the Court on cross-motions to dismiss for lack of jurisdiction. Petitioners' motion is premised upon respondent's alleged failure to mail the notice of deficiency to petitioners at their last known address. Alternatively, petitioners contend that as a result of actions taken by respondent which interrupted the delivery of the notice to *141 them, either (1) the mailing of the notice should be deemed nullified or (2) they should be granted equitable relief under the reasoning of Wallin v. Commissioner, 744 F.2d 674 (9th Cir. 1984), revg. T.C. Memo. 1983-52. Respondent asserts that the Court lacks jurisdiction because the petition was not timely filed. Subsequent to the date on which the parties filed opening briefs, petitioners filed a motion for attorney's fees and costs. FINDINGS OF FACT *255 Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners, husband and wife, timely filed their joint 1981 tax return with the Internal Revenue Service Center in Fresno, California. At the time the return was filed, they lived in Portola Valley, California (Portola Valley address). In July 1984, petitioners moved to Belmont, California (Belmont address), where they resided at the time the petition in this case was filed. At the time of their move, petitioners filed a change of address form with the Postal Service. On September 17, 1984, petitioners mailed to the Fresno Service *142 Center the third installment of their 1984 estimated income tax liability using a pre-printed estimated tax payment voucher, Form 1040-ES. They crossed out the Portola Valley address pre-printed on the voucher and typed in the Belmont address. The check accompanying the voucher had petitioners' Belmont address printed upon it. On January 15, 1985, petitioners mailed the fourth installment of their 1984 estimated income tax liability. Again they used a pre-printed Form 1040-ES, and again they crossed out the Portola Valley address and typed in the Belmont address. Petitioner Charles E. Chase, a self-employed attorney, has filed estimated tax vouchers since 1970. In 1975, he notified the IRS of a change in his address by using Form 1040-ES, and based on that prior experience, he believed that the third and fourth quarter 1984 estimated tax vouchers could be used to notify the IRS of a change in petitioners' address. The deficiency and additions to tax in this case relate to the year 1981. Petitioners' 1981 return was selected for audit because of their claimed entitlement to a deduction and an investment credit as a result of their investment in Master Recordings, Ltd., a *143 partnership which the IRS perceived to be an abusive tax shelter. The audit of Master Recordings, Ltd. was conducted out of the Cincinnati, Ohio, office of the IRS. In mid-1983, Revenue Agent Charles Tonna (Tonna), was assigned to audit those partners of Master Recordings, Ltd. residing within the San Francisco region, including petitioners. Although the audit of Master Recordings, Ltd. had not been completed, Tonna knew that certain adjustments would be made to the 1981 partnership return which would impact its partners. Armed with this knowledge, he requested a copy of petitioners' 1981 tax return from the Fresno Service Center. On March 20, 1984, after reviewing a transcript of petitioners' account obtained from the Fresno Service Center, Tonna determined petitioners' current address to be the Portola Valley address. In early 1985, he had a letter sent to petitioners notifying them that an examination of Master Recordings, Ltd. was being conducted and that adjustments might be made which could affect their 1981 tax return. The letter was sent to petitioners' Portola Valley address, but forwarded to their Belmont address. The letter contained a request that petitioners extend *144 the limitations period by signing an enclosed consent form (Form 872-A). Petitioners failed to respond to this letter. On March 15, 1985, Tonna prepared a notice of deficiency which disallowed the loss and investment tax credit claimed by petitioners in 1981 with respect to their investment in Master Recordings, Ltd. Such notice was processed more expeditiously than usual because of the short time remaining for assessment. In determining petitioners' address for purposes of mailing the notice of deficiency, Tonna relied on the information appearing on the transcript obtained in March 1984; he made no other attempt to determine petitioners' current address. On April 9, 1985, respondent mailed the notice of deficiency by certified mail to petitioners at their Portola Valley address. On April 15, 1985, petitioners filed their 1984 tax return, which showed their Belmont address. As a result of this filing, the IRS changed its records during the third week of June 1985, to reflect petitioners' Belmont address. On April 16, 1985, an employee of the post office affixed to the envelope containing the notice of deficiency (the envelope) a yellow forwarding sticker bearing the Belmont *145 address. However, the envelope bearing the forwarding sticker was not forwarded to petitioners at their Belmont address, but rather was returned by the Post Office to the San Francisco IRS District Director's office. Once at the San Francisco District Director's office, the envelope was routed to that District's Support Services Unit where, rather than being deposited in the mail for forwarding, it was opened by IRS personnel and retained. When a notice of deficiency is returned to the IRS, the standard procedure followed by the Support Services Unit is to perform an enmod search as to the taxpayer's current address, and thereafter to re-mail the deficiency notice to such address. This procedure is followed even if the statute of limitations has expired. Here, the enmod search conducted on May 8, 1985, disclosed petitioners' current address to be the *256 Portola Valley address. Accordingly, the returned notice was not re-mailed. Petitioners did not know about the deficiency notice until they received a Notice of Tax Assessment, dated August 19, 1985. Thereafter, on October 3, 1985, they petitioned this Court seeking a redetermination of the deficiency set forth in *146 respondent's April 9, 1985, notice of deficiency. Throughout 1984 and 1985, as well as during any period before these years, respondent's Fresno Service Center was not processing address changes from Form 1040-ES. This was the case despite the fact that Form 1040-ES for years before and after 1984, but for some reason not for 1984, contained an instruction directing taxpayers to make any address change directly on the form. At the Court's request, respondent surveyed its various service centers to determine whether any were processing address changes from corrections made on Form 1040-ES. During late 1984 and early 1985, only one of respondent's nine service centers, the Brookhaven Service Center, was making address changes based upon 1040-ES Forms filed by taxpayers. OPINION Motions to Dismiss
To maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. See Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). In the language of the statute, "if the Secretary determines there is a deficiency * * * he is authorized to send a notice of such deficiency *147 to the taxpayer by certified or registered mail." Sec. 6212(a). (All section references are to sections of the Internal Revenue Code in effect for the periods in question, and all Rule references are to the Tax Court Rules of Practice and Procedure.) The mailing of such notice must be to the taxpayer at his last known address. Sec. 6212(b)(1). Once this has occurred, the taxpayer has, under usual circumstances, 90 days within which to file a petition with this Court. Sec. 6213(a). The term "last known address" is not defined in either the Internal Revenue Code or the regulations; we have defined it as "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner, 78 T.C. 215, 218 (1982). The focus in determining the taxpayer's last known address is on what respondent knew at the time he issued the notice of deficiency and whether, in light of all the surrounding facts and circumstances, he used an address to which he reasonably believed the taxpayer wanted *148 the notice to be sent. Pyo v. Commissioner, supra at 633; Brown v. Commissioner, supra at 218-219; Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Respondent must exercise due diligence in ascertaining a taxpayer's last known address. Pvo v. Commissioner, supra. Whether respondent has exercised due diligence in a given case is a factual inquiry, to be determined from all of the surrounding facts and circumstances. McPartlin v. Commissioner, 653 F.2d 1185 (7th Cir. 1981), revg. an unreported order of this Court; Johnson v. Commissioner, 611 F.2d 1015, 1019 (5th Cir. 1980), revg. an unreported order of this Court; King v. Commissioner, 88 T.C. 1042 (1987), affd. 857 F.2d 676 (9th Cir. 1988). In this case, petitioners crossed out the Portola Valley address which was pre-printed on their third and fourth quarter 1984 estimated tax vouchers and inserted their new Belmont address. Such, in our opinion, *149 is a clear and concise indication that petitioners' Portola Valley address was no longer to be used. If petitioners had not intended to inform the IRS of a permanent change of address, i.e., if petitioners had intended the Belmont address to be construed as only temporary and not of a definite duration, they would have run the risk of having future IRS correspondence missent. On the record before us, we cannot impute such fecklessness to petitioners. Petitioners' actions in striking their Portola Valley address and inserting their Belmont address on the 1984 1040-ES Form were deliberate and unambiguous, and consistent with their 1984 income tax return filing on April 15, 1985. Since the deficiency letter was mailed on April 9, 1985, the 1984 return could not have formed the basis for a current address notification vis-a-vis the deficiency notice. See Abeles v. Commissioner91 T.C. 1019 (1988). Furthermore, petitioner Charles E. Chase had on a previous occasion successfully used the estimated tax voucher as a means by which to notify the IRS of a change in his address. Although petitioners did not use words which explicitly indicated an address change, such *150 is not fatal. The affirmative actions taken by petitioners provide implicit meaning from which it can reasonably be inferred that an address change was intended. Thus, considering the *257 totality of facts involved herein, we think petitioners' actions were reasonable. Respondent argues that because estimated tax vouchers are not tax returns, he should not be charged with knowledge of the information contained thereon. This would appear to be somewhat specious, given the fact that the IRS must be charged with the knowledge of the identity of the taxpayer and the amount of estimated tax being remitted. We are mindful of our decision in Monge v. Commissioner, 93 T.C. 22 (1989). In Monge, we held that the mere filing of an extension form, without more, did not constitute clear and concise notice of a new address. We therein stated: Petitioners acknowledge that we have previously held * * * that the filing of Forms 4868 and 2688 does not constitute clear and concise notification of a change of address unless the taxpayer specifically indicates on the form that it is a new address. Perhaps the most significant objection to petitioners' position *151 is that it would require respondent to record the address shown on every extension request filed with him. The adoption of their position would clearly upset the balance between the administrative burdens imposed on respondent and the interest of taxpayers in obtaining actual notice of respondent's determination. If Mr. Monge had wanted respondent to use the address shown on either Form 4868 or 2688 as his last known address, it would have been a simple matter for him to have so indicated on the form itself. Mr. Monge chose not to do so and thereby failed to clearly and concisely notify respondent of the desired change. Accordingly, we hold that the Forms 4868 and 2688 filed by Mr. Monge for the year 1985 did not provide clear and concise notification to respondent of Mr. Monge's change of address. [Monge v. Commissioner, supra at 32; citations omitted.] Here, petitioners did more than put a new address on the estimated tax vouchers -- they crossed out their pre-printed address and replaced it with a new one. Such affirmative action is the type of indication of a change in address we stated would be needed to assuage the administrative burden of requiring *152 respondent to check the address shown on all forms. Further, this case is distinguishable from Monge in that here a cursory inspection of the IRS voucher would have revealed a change of address. For the foregoing reasons, we hold that respondent did not mail the deficiency notice to petitioners at their last known address as contemplated by section 6212(b)(1). As a consequence of this holding for petitioners, we need not address their argument that they should be granted equitable relief under Wallin v. Commissioner, 744 F.2d 674 (9th Cir. 1984), revg. T.C. Memo. 1983-52. Petitioners' motion to dismiss will be granted, and respondent's motion to dismiss will be denied. Motion for Award of Litigation Costs
Pursuant to Rule 231(a), a petitioner must wait until after the merits of the case have been resolved before moving for an award of litigation costs. Because it is premature, petitioners' motion for an award of litigation costs will be denied, without prejudice to their right to renew their motion at the appropriate time. To reflect the foregoing, An appropriate order will be entered .