PETER J. REDING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reding v. Commissioner
Docket No. 35060-87
United States Tax Court
T.C. Memo 1990-278; 1990 Tax Ct. Memo LEXIS 296; 59 T.C.M. (CCH) 793; T.C.M. (RIA) 90278; June 4, 1990, Filed *296 An order will be entered granting the petitioner's motion and denying the respondent's motion to dismiss for lack of jurisdiction. Kevin O'Connell and Christopher P. Vice, for the petitioner. *297 John C. Meaney, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION The parties have filed cross-motions, each seeking to dismiss this case for lack of jurisdiction. Petitioner's motion is based upon the contention that respondent did not mail a notice of deficiency to petitioner at his "last known address" as required by section 6212(b). [1] Conversely, respondent contends that a notice of deficiency was mailed to petitioner at his last known address and that dismissal should be premised on petitioner's failure to file a petition within 90 or 150 days under section 6213(a). Here we again consider the standards placed upon the parties in the area of "last known address." We must decide whether petitioner provided "clear and concise notification" of a change of address. We must also decide whether respondent exercised "reasonable care and diligence" in determining petitioner's last known address for purposes of mailing the notice of deficiency. If respondent mailed the notice of deficiency to petitioner's last known address, then the petition will be considered untimely. Petitioner was a resident of Tokyo, Japan, at the time his petition *298 in this case was filed. [2]
Petitioner and his former wife, on or about April 11, 1983, filed [3] a joint Federal income tax return for their 1982 taxable year (1982 return) with the Internal Revenue Service Center at Fresno, California. Petitioner's address shown on the 1982 return was 3413 Lomas Serenas Drive, Escondido, California (Lomas address). *299 On August 14, 1984, respondent's Portland office received an Application for Extension of Time to File U.S. Individual Income Tax Return (Form 2688) for petitioner's 1983 taxable year. The Form 2688 contained the following statement: Taxpayer's [sic] are in process of dis[s]olving marriage and moving; all of the required data to file a complete and correct return is not available at this time. To the best of my knowledge, NO TAX IS DUE.
The Form 2688 contained petitioner's Lomas address. Early in 1984 petitioner submitted an Employees Withholding Allowance Certificate (Form W-4) to his employer wherein he claimed to be exempt from withholding. In a July 26, 1984 letter, addressed to the Lomas address, respondent informed petitioner that the Form W-4 was inadequate. Petitioner's father (a certified public accountant, who serves as petitioner's accountant), in response to the July 26 letter, mailed a letter to respondent's Fresno Service Center. The letter was dated August 14, 1984, but was mailed September 6, 1984 (August 14 letter). Petitioner's father admitted in the letter that petitioner was not exempt from withholding, but maintained that he was *300 entitled to claim 53 withholding allowances. The following documents were forwarded with the August 14 letter: Powers of Attorney and Declaration of Representative (Forms 2848) for the 1983 and 1984 taxable years, respectively, photocopies of three different work papers reflecting petitioner's father's computations regarding certain matters for 1983 and 1984, and a W-4 reflecting the 53 claimed withholding allowances. The August 14 letter contained the following statement: Taxpayer's employer, the IVAC Corporation, has requested taxpayer, Peter John Reding, to relocate, that is, to transfer from San Diego to Tokyo; such transfer to occur during August/September 1984.
This statement was made in connection with anticipated moving allowances from IVAC Corporation to petitioner, to demonstrate the need to claim 53 withholding allowances. The Forms 2848 for 1983 and 1984, respectively, contained the following: 1983: Statement. At this time, August 1984, the taxpayers are in the process of dissolving their marriage. Taxpayers will file 1983 returns using the 12/31/83 address, namely 3412 Lomas Serenas Dr., Escondido, CA 92025, however, when the *301 return is filed, that is, on or before 10/15/84, a statement will be attached to report the then current address of both taxpayers.
1984: Statement. At this time (August 1984) the marriage of taxpayer-husband is in the process of dissolution. It is expected that taxpayers listed herein will marry on or before 12/31/84. Taxpayer-husband is also being relocated by his US employer. Subject to unforeseen circumstances, his address after relocation (approx. 9/1/84) will be as follows: Mr. & Mrs. Peter J. Reding Town House Akasaka, #407 5-25, Akasaka 8-Chrome Minato-Ku Tokyo 107, Japan
In addition to petitioner's signature, the Form 2848 for 1983 was signed by petitioner's former wife, Jane Reding, and the Form 2848 for 1984 was signed by petitioner's new wife, Kira Braden. Respondent, by means of a January 31, 1985, form letter, approved petitioner's claim for 53 withholding allowances which had been claimed in the W-4 attached to the August 14 letter. Petitioner and his former wife were divorced on November 30, 1984, petitioner's employer (IVAC Corporation) transferred him to Tokyo, and petitioner also married Kira Braden. *302 The exact dates of petitioner's move to Japan and marriage to Kira Braden are not contained in the record. Early in 1985 petitioner received a Wage and Tax Statement (Form W-2) from his new employer, Eli Lilly and Company, reflecting petitioner's Tokyo address. On May 3, 1985, the Internal Revenue Service Center in Philadelphia received an Application for Extension of Time to File U.S. Income Tax Return ("For U.S. Citizens and Resident Aliens Abroad Who Expect to Qualify for Special Tax Treatment") (Form 2350) for petitioner's and his new wife's 1984 taxable year. The Form 2350 reflected the Tokyo address. On October 11, 1985, petitioner's father prepared and filed a U.S. Partnership Return of Income (Form 1065) for Reding Associates. The record is silent concerning with which of respondent's offices the partnership return was filed, but applications to extend the time to file that return were sent to and approved by the Internal Revenue Service Center at Ogden, Utah. The Form 1065 and attached Schedules K-1 identified petitioner and his former wife as partners of Reding Associates. Petitioner's Tokyo address was used in the Form 1065 and Schedule K-1. A Rancho Bernardo, California, *303 address was shown for petitioner's former wife. Additionally, on August 15, 1985, petitioner's former wife sought to extend the time to file her 1984 return reflecting her Rancho Bernardo address on the form. Early in 1986, petitioner received a Form W-2 from Eli Lilly and Company reflecting his Tokyo address. On August 15, 1986, petitioner's father executed a Form 2688 on behalf of petitioner's former wife reflecting a Rancho Bernardo address for her on the form. On March 23, 1986, Eli Lilly and Company prepared petitioner's 1984 U.S. Individual Income Tax Return (Form 1040) which reflected petitioner's Tokyo address and new wife. The 1984 return was filed at some point after March 23, 1986, received by respondent on April 4, 1986, and processed by respondent on May 5, 1986. Petitioner's Tokyo address was placed into the computer updating the Lomas address on May 5, 1986. The Tokyo address was first used by one of respondent's employees when it was requested from the system on August 18, 1986. Prior to issuance of a notice of deficiency respondent attempted to obtain a consent to extend the period for assessment of 1982 tax. No consent was obtained (presumably due to lack *304 of contact with petitioner) and on April 11, 1986, respondent's Laguna Niguel District Office mailed a notice of deficiency for the 1982 taxable year to petitioner's Lomas address. The notice of deficiency for 1982 was never received by petitioner or his former wife. Petitioner was not aware of the 1982 notice of deficiency, the examination of his 1982 return, or the examination of the Reding Associates return until January 7, 1987, when he received a notice of unpaid 1982 tax from respondent. On December 1, 1986, the Internal Revenue Service Center at Philadelphia mailed a notice of unpaid tax to petitioner and his former wife at the Tokyo address. Responding in a January 29, 1987, letter, petitioner's father referred to the August 14, 1984, letter regarding the divorce, job transfer, and relocation to Tokyo. On June 15, 1987, the Philadelphia Service Center sent another notice of unpaid tax to petitioner and his former wife at the Tokyo address. Petitioner's father, by a July 1, 1987, letter, responded in a manner similar to his January 29, 1987, letter. A third notice of unpaid tax was mailed to petitioner's Tokyo address from the Philadelphia Service Center on July 27, 1987. *305 On October 27, 1987, a petition was filed commencing this case more than 18 months after respondent mailed the notice of deficiency on April 11, 1986. A taxpayer's "last known address" is "the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent." Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); McCormick v. Commissioner, 55 T.C. 138, 141 (1970). Respondent has been permitted to treat the address on the return under examination as a taxpayer's last known address, absent "clear and concise notification" of an address change. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).The filing of a more current year's return with a new address is clear and concise notification of a new address. Abeles v. Commissioner, 91 T.C. 1019, 1034-1035 (1988). *306 When notified of a change of address, respondent must exercise reasonable care and diligence in determining the correct address for mailing of a notice of deficiency. Keeton v. Commissioner , 74 T.C. 377, 379 (1980); Alta Sierra Vista, Inc. v. Commissioner, supra at 374; O'Brien v. Commissioner, 62 T.C. 543, 550 (1974). Whether respondent has exercised reasonable care and diligence must be determined in light of all the facts and circumstances. The relevant inquiry is to respondent's knowledge of a taxpayer's last known address, rather than what may in fact be the taxpayer's most current address. Frieling v. Commissioner, 81 T.C. 42, 49 (1983); Weinroth v. Commissioner, 74 T.C. at 435; Keeton v. Commissioner, 74 T.C. at 382; Alta Sierra Vista, Inc. v. Commissioner, supra at 374. In this case petitioner argues that respondent received ample notification of petitioner's change of address before issuance of the notice of deficiency. Petitioner directs our *307 attention to the various documents received by respondent's agents and offices and states that each of them provided notification and that taken together they provided respondent with "clear and concise" notification of petitioner's new address. [4] Petitioner argues that each of the documents individually provided clear and concise notification of a new address. In the alternative, petitioner argues that all of the documents, when considered collectively and together may have provided notification of a change of address. We agree with petitioner that one of the numerous documents involved in this case provided respondent with "clear and concise" notification of a new address. It is accordingly unnecessary *308 to consider the remaining documents or petitioner's collective "Gestalt-type" contention. It was held in a recent memorandum opinion of this Court that an unsigned Form 1040-ES (estimated tax payment voucher), with the pre-addressed label address lined out and a different address written in, was "clear and concise" notification. See Chase v. Commissioner, T.C. Memo. 1990-139.See also Monge v. Commissioner , 93 T.C. 22 (1989). The Form 2848 for 1984 concerns petitioner and his new wife and does reflect the Tokyo address. Although there is no request that respondent immediately change petitioner's address, the statement indicates that petitioner is in the process of marital dissolution, will remarry on or before December 31, 1984, and is being relocated by his employer. The statement contains the somewhat precatory language "Subject to unforeseen circumstances, [petitioner's] address after relocation (approx. 9/1/84) will be [Tokyo]." This Form 2848 was received under cover of the August 14 letter which petitioner's father mailed on September 6, 1984. *309 Here, although petitioner has provided a Tokyo address, he set forth a subsequent date that the address was to take effect. Here petitioner clearly provided a new address, but added language indicating that because of possible unforeseen circumstances the new address may not become effective. Does that constitute a "clear and concise notification" of an address change? In these circumstances we find that petitioner's notification was " clear and concise" due to the direct statement that the Tokyo address would constitute petitioner's new address after a date certain. If the conditions subsequent (unforseen circumstances) occurred, it would have been petitioner's obligation to advise respondent of yet another new address. A taxpayer should be able to advise respondent that their address will change at a specific future date (in this case September 1 1984). Taxpayers should not be required to advise of an address change only after it has occurred. The circumstances of this notification compare favorably with the holding of Chase, supra.Accordingly, we find that petitioner, through the Form 2848 for 1984 did "clear[ly] and concise[ly]" notify respondent of a new address. *310 [5]
When notified of a change of address, respondent must exercise reasonable care and diligence in determining the correct address for mailing of a notice of deficiency. Keeton v. Commissioner, supra at 379; Alta Sierra Vista, Inc. v. Commissioner, supra at 374; *311 O'Brien v. Commissioner, supra at 550.Respondent did not change or modify petitioner's address based upon the notification that petitioner would be moving to Tokyo. Therefore, respondent did not exercise reasonable care and diligence. To reflect the foregoing, An order will be entered granting the petitioner's motion and denying the respondent's motion to dismiss for lack of jurisdiction. Footnotes
1. Section references are to the Internal Revenue Code, as amended and in effect for the period under consideration. ↩
2. Although the parties seem to emphasize case precedent from the Court of Appeals for the Ninth Circuit, petitioner's Tokyo, Japan, address at the time of the filing of his petition would place the venue for appeal in the Court of Appeals for the D.C. Circuit, absent written stipulation to the contrary. See sec. 7482(b).↩
3. This return is considered filed as of April 15, 1983 pursuant to section 6501(b)(1).↩
4. This case was briefed prior to this Court's opinion in Chase v. Commissioner, T.C. Memo. 1990-139 and the issuance of Respondent's Rev. Proc. 90-18, 1990-13 I.R.B. 19↩. We have taken that case and ruling into consideration. Supplemental briefs were not sought from the parties.
5. We are puzzled, in any event, why respondent is not able to maintain supplemental addresses for taxpayers for purposes of mailing duplicate originals of taxpayer correspondence to all addresses currently possible of delivery. Certainly, what seems to be a proliferating area of procedural issues on "last known address" may be somewhat obviated. In the facts of this case, with a straight forward statement that petitioner would have a new address (Tokyo address) after a date certain, even with the somewhat precatory language, it seems that respondent should have "played it safe" by sending duplicate originals to petitioner at the Lomas and Tokyo addresses.↩