PETER J. REDING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reding v. Commissioner
Docket No. 35060-87
United States Tax Court
T.C. Memo 1990-536; 1990 Tax Ct. Memo LEXIS 590; 60 T.C.M. (CCH) 1000; T.C.M. (RIA) 90536; October 16, 1990, Filed *590 An appropriate order will be entered denying petitioner's motion. Kevin O'Connell and Christopher P. Vice, for the petitioner. John C. Meaney, for the respondent. *591 GERBER, Judge. GERBER
SUPPLEMENTAL MEMORANDUM OPINION In T.C. Memo. 1990-278, filed June 4, 1990, we decided that respondent did not mail a notice of deficiency to petitioner's "last known address" and that petitioner's motion to dismiss should be granted. Petitioner then moved for attorneys' fees under section 7430[1] and respondent contends that petitioner's motion for attorneys' fees and costs should not be granted. The issue for our consideration is whether the position of respondent was "substantially justified" within the meaning of section 7430(c)(2)(A)(i). *592 In accord with Rule 232(b), the parties conferred and agreed as follows: (1) Petitioner substantially prevailed within the meaning of section 7430(c)(2)(A)(ii); (2) petitioner meets the net worth requirement of section 7430(c)(2)(A)(iii); (3) petitioner has exhausted available administrative remedies under section 7430(b)(1); and (4) petitioner has not unreasonably protracted this Court proceeding within the meaning of section 7430(b)(4). Petitioner claimed fees and costs in the amount of $ 10,632.84 and the parties have agreed that if costs and fees are warranted, that "reasonable" litigation costs would be in the amount of $ 8,740.84. The sole dispute remaining between the parties concerns whether respondent's position was substantially justified. Petitioner bears the burden of proving that respondent's position is not substantially justified. Rule 232(e); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds, 787 F.2d 637 (D.C. Cir. 1986); Gantner v. Commissioner, 92 T.C. 192, 197 (1989); affd. 905 F.2d 241 (8th Cir. 1990). *593 Respondent's loss or concession of an issue does not, ipso facto, render respondent's position not substantially justified. Wasie v. Commissioner, 86 T.C. 962, 969 (1986); Spencer v. N.L.R.B., 712 F.2d 539, 557 (D.C. Cir. 1983), cert. denied 466 U.S. 936 (1984). Petitioner has used the term "unreasonable" in place of "[not] substantially justified," and it is likely that such usage is derived from the prior wording of section 7430 which contained a form of the term used by petitioner. Moreover, most courts, including this one, have held that the more contemporary term "substantially justified" is essentially the same as the term "reasonableness" under the Equal Access to Justice Act. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Sokol v. Commissioner, 92 T.C. 760, 763 n.7 (1989). A few courts, however, have reasoned that the test for the Government's position should be "slightly more stringent than 'one of reasonableness.'" One of the courts which has expressed the "more stringent" view is the Circuit Court of Appeals for the District of Columbia. *594 See, for example, Baker v. Commissioner, 787 F.2d at 643, n.10; Spencer v. N.R.L.B., 712 F.2d at 558. Petitioner resided outside the United States at the time of the filing of his petition and accordingly an appeal of our opinion would generally lie in the Circuit Court of Appeals for the District of Columbia. See section 7482. The Supreme Court, however, in Pierce v. Underwood, 487 U.S. 552, 563-568 (1988), after reviewing the legislative history from which the "more stringent" view was derived, adopted the standard "reasonable basis both in law and in fact," which is the standard used by the majority of courts, including this Court. In our Memorandum Opinion concerning petitioner we held that the listing of petitioner's prospective new address on a Power of Attorney form, although by means of language which was somewhat precatory, constituted clear and concise notification of petitioner's new address. The address in the notification therefore constituted petitioner's "last known address," within the meaning of section 6212 and, accordingly, respondent did not send a notice of deficiency to the correct address, even though *595 respondent had sent a notice of deficiency to the address shown on petitioner's income tax return for the taxable year in question. Essentially, petitioner argues in support of his motion for costs and fees that respondent's receipt of petitioner's new address in 1984 and respondent's failure to recognize it was not substantially justified or reasonable. Further petitioner argues that respondent's position in this litigation was not substantially justified. In support of his argument, petitioner directs our attention to our holding that respondent did not exercise reasonable care and diligence in determining petitioner's last known address. Petitioner equates the use of the terms "reasonable care" and "diligence" with "substantially justified" or reasonable within the meaning of section 7430. Respondent counters that the issue addressed in our opinion was whether the statement of petitioner's new address was "clear and concise" or whether it was too contingent and indefinite. Respondent points out that, factually, this was a case of first impression and that this Court admitted that petitioner's language was somewhat precatory. The Power of Attorney form contained the following *596 language: Statement. At this time (August 1984) the marriage of taxpayer-husband is in the process of dissolution. It is expected that taxpayers listed herein will marry on or before 12/31/84. Taxpayer-husband is also being relocated by his US employer. Subject to unforeseen circumstances, his address after relocation (approx. 9/1/84) will be as follows: Mr. & Mrs. Peter J. Reding Town House Akasaka, #407 5-25, Akasaka 8-Chrome [sic] Minato-Ku Tokyo 107, Japan
We agree with respondent that our holding regarding the wording of this notification of a new address was a close one. The statement here is somewhat precatory and close to being conditional. In addition to being a close call, this was, at least factually, a case of first impression. The case law in this area, up to the time respondent sent the notice of deficiency and defended his position in this proceeding, was not settled with regard to the means of notification. We had decided in Abeles v. Commissioner, 91 T.C. 1019 (1988), that the address on the most current return would constitute a taxpayer's last known address. That case recognized respondent's contemporary *597 computer capability to store and retrieve addresses reflected on more recently filed returns. In other cases, however, there was doubt as to the type of document and/or the format of the notification that would suffice to "clearly and concisely" notify respondent of a new address. See, for example, Monge v. Commissioner, 93 T.C. 22, 31-32 (1989); Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Lincoln v. Commissioner, T.C. Memo. 1988-93; Tyler v. Commissioner, T.C. Memo. 1985-510. Under these circumstances, respondent's actions, position, and decision to litigate could not be said to be either unreasonable or not substantially justified. In VanderPol v. Commissioner, 91 T.C. 367, 370 (1988) we stated: Petitioners point only to the ultimate failure of respondent's evidence to support his position to show that his position was unreasonable. The logical extension of petitioners' argument is that the party whose evidence fails to persuade the trier of fact has taken an unreasonable position. If a *598 party can be chastised for such a failure, then every losing party must be so chastised. Such an interpretation does not manifest Congress' intention in enacting this statute and we will not endorse it. [Citations omitted.] Moreover, the cases which we considered in reaching our holding in this case were decided subsequent to the events giving rise to the petition and in one instance subsequent to the receipt of the parties' briefs. See Chase v. Commissioner, T.C. Memo. 1990-139; Monge v. Commissioner, 93 T.C. 22 (1989). In view of the foregoing, we hold that respondent's position in this case is substantially justified and that petitioner is not entitled to costs and fees under section 7430. To reflect the foregoing, An appropriate order will be entered denying petitioner's motion. Footnotes
1. Section references are to the Internal Revenue Code, as amended and in effect for the period under consideration. Because the petition was filed on Oct. 27, 1987, our consideration of sec. 7430↩ is the version enacted in sec. 292(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 572-574, as amended by sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, effective for civil proceedings commenced after Dec. 31, 1985, and before Nov. 11, 1988, as amended by sec. 6239(d) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743 et seq., effective for all civil tax proceedings commenced after Nov. 10, 1988. Rule references are to this Court's Rules of Practice and Procedure.