GERALD D. WARD AND JOAN WARD, DECEASED, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 11510-88
United States Tax Court
T.C. Memo 1991-444; 1991 Tax Ct. Memo LEXIS 493; 62 T.C.M. (CCH) 695; T.C.M. (RIA) 91444; September 10, 1991, Filed *493 An order will be entered (1) denying petitioners' motion for litigation costs and fees and (2) dismissing this case for lack of jurisdiction on the basis that a notice of deficiency was not sent to petitioners' last known address. Robert Doran Grossman, Jr., for the petitioners. Marilyn S. Ames, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This matter is before the Court on petitioners' motion for litigation costs pursuant to section 7430. [1] The underlying issue in this case was whether the notice of deficiency was mailed to petitioners' last known address within the meaning of section 6212. *494 In our Opinion with respect to these petitioners at 92 T.C. 949 (1989), we decided that the notice of deficiency was sent to petitioners' "last known address" and we dismissed the case against petitioners since a timely petition was not filed. The Court of Appeals for the Fifth Circuit reversed and remanded, 907 F.2d 517 (5th Cir. 1990). The Court of Appeals instructed this Court to dismiss for lack of jurisdiction on the basis that the notice of deficiency was not sent to petitioners' "last known address." Soon after the issuance of the Opinion by the Court of Appeals, petitioners filed their motion seeking litigation costs. Petitioners, the moving parties herein, requested a hearing on their motion for litigation costs. Respondent, in his response to petitioners' motion, indicated that a hearing would not be required. In this regard, petitioners did not indicate why the motion could not be disposed of by the Court without hearing (Rule 231(b)(9)) nor is there an allegation of a bona fide factual dispute which could not be resolved without an evidentiary hearing. Rule 232(a)(3). Accordingly, we proceed to decide this motion based on the written *495 submissions by the parties without hearing. Section 7430, as in effect in this case, [2] sets forth the requirements for recovery of court costs and fees as follows: (1) petitioners must substantially prevail within the meaning of section 7430(c)(2)(A)(ii); (2) petitioners must meet the net worth requirements of section 7430(c)(2)(A)(iii); (3) petitioners must have exhausted administrative remedies under section 7430(b)(1); and (4) petitioners must have not unreasonably protracted court proceedings within the meaning of section 7430(b)(4). Respondent agrees that petitioners have met the requirements for awarding litigation costs and fees with the exception of requirement (1) above. Respondent argues that petitioners have not substantially prevailed because petitioners have failed to establish that the position of the Internal Revenue Service (IRS) was not substantially justified. If we decide that petitioners have substantially prevailed, we will further need to decide the time frame for *496 recovery of costs and fees. While respondent concedes that the fees claimed are reasonable for the time after the petition was filed, respondent argues that petitioners are not entitled to recover fees for work performed prior to the filing of the petition. The term "prevailing party" is defined by section 7430(c)(2)(A). The pertinent part of that section states as follows: (2) Prevailing Party. -- (A) In general. -- The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which -- (i) establishes that the position of the United States in the civil proceeding was not substantially justified, (ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented * * *
Petitioners bear the burden of proving that respondent's position is not substantially justified. Rule 232(e); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990); Hubbard v. Commissioner, 89 T.C. 792, 798 (1987); *497 [3]Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). The test of whether respondent's position was substantially justified is a test of reasonableness. Vanderpol v. Commissioner, 91 T.C. 367 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). As we stated in Hubbard v. Commissioner, supra at 798, the legislative history of section 7430 sets out guidelines for determining whether respondent's conduct was reasonable: The committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include, (1) whether the government used the *498 costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. * * * [H. Rept. 97-404 at 12 (1981).]
The first inquiry is the determination of which "position" or "action or inaction" of respondent is under scrutiny in this case. In this regard, section 7430(c)(4), as applicable in this case, defines "the position of the United States" to include "(A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based." Petitioners argue that District Counsel became involved in this case prior to issuance of the notice of deficiency since this case was part of a tax shelter project assigned to one of District Counsel's attorneys in Austin, Texas. Respondent argues that District Counsel was not involved *499 in this case until after the petition was filed. While the date of District Counsel's involvement may not be free from doubt, we need not address this matter based on our conclusion, to be discussed below, that respondent's position was substantially justified. We now look to the issue of whether respondent was substantially justified, or reasonable, in maintaining his position that the notice of deficiency was sent to petitioners' "last known address". In order to decide whether respondent acted reasonably, we must review the legal basis for his position and action (or inaction) taken during the litigation. Hubbard v. Commissioner, supra.The Court of Appeals did not disagree with our discussion of the law relating to the determination of "last known address." We need not repeat that discussion here. The very narrow issue decided in the prior Opinion by us and by the Court of Appeals is the question of when respondent is on notice of a change of address. This timing question required an examination of the respondent's computer capability. In this regard, the Court of Appeals held that: We do not disagree that IRS requires a reasonable time to process *500 change of address notifications. We disagree that it lacked such an opportunity in this case. While it is true that an IRS agent reviewing Ward's notice of deficiency on November 20, when the IRS mailed the notice, could not have found Ward's new address in the central computer file, a properly instructed agent would have found the "PN" notification and the posting code advising him that a change of address was pending. Since Ward had already waived the limitations period for this particular tax year, the IRS agent easily could have waited two or three weeks, until the new address appeared on his computer, before mailing the notice. Alternatively, the agent could have mailed the notice to the old address, and then mailed a second notice to the new address several weeks later. The Houston IRS agent handling Ward's case followed neither of these procedures. As a matter of fact, the agent did not even know that "PN" notifications or posting code existed. Once the agent checked the computer file and matched the address on the notice of deficiency with Ward's old address on the history module, the agent assumed that he had located the taxpayer's "last known address." We find that *501 under these circumstances, this limited search did not satisfy the reasonable diligence requirement, and the Tax Court's contrary finding is clearly erroneous. [907 F.2d at 522; fn. refs. omitted.]
As pointed out by respondent, neither the Tax Court, nor any other court to our knowledge, had previously considered the effect of a pending notice (PN) code in respondent's computer system. [4] The record reflects that respondent's agent, whose job it was to verify petitioners' name and address for purpose of preparing and mailing the notice of deficiency, was unaware that he could ascertain that a change was pending via the PN code. While the Court of Appeals held that the agent could have and should have taken action based on the PN code, there is nothing in the record which would indicate that there were internal instructions (within the IRS) requiring or suggesting such action be taken by the IRS agent.[5] As far as we are aware, none of the cases deciding whether respondent had actual or constructive notice of a change of address via his computer system have referred to the PN code. Petitioners have not cited such a case to us. See, for example, cases discussing *502 the IRS computers as related to "last known address," Crum v. Commissioner, 204 U.S. App. D.C. 37, 635 F.2d 895, 900 (D.C. Cir. 1980), revg. an unreported order of this Court; Abeles v. Commissioner, 91 T.C. 1019, 1030 (1988); Yusko v. Commissioner, 89 T.C. 806, 809 (1987); King v. Commissioner, 88 T.C. 1042, 1049 (1987), affd. 857 F.2d 676 (9th Cir. 1988); Baptist v. Commissioner, T.C. Memo 1990-280; Williams v. Commissioner, T.C. Memo 1989-439, affd. 935 F.2d 1066 (9th Cir. 1991); Taylor v. Commissioner, T.C. Memo 1988-152; Soria v. Commissioner, T.C. Memo 1986-206; Singer v. Commissioner, T.C. Memo 1986-193. *503 As a basis for litigation costs and fees, petitioners rely on the holding of the Court of Appeals that the IRS agent did not act with reasonable diligence in mailing the notice of deficiency. Petitioners' argument misses the mark. The question we must decide is not whether respondent acted with reasonable diligence in the issuance of the notice of deficiency. That question has been answered in the negative by the Court of Appeals. We must decide whether respondent was substantially justified (or acted reasonably) in opposing petitioners' motion to dismiss. [6]
We believe that the situation in this case is somewhat analogous to that in Reding v. Commissioner, T.C. Memo 1990-536, where we decided that respondent did not act unreasonably, within the meaning of section 7430, where the notice of deficiency was not issued to a taxpayer's last known address. Reding v. Commissioner, T.C. Memo 1990-278. *504 In the first Memorandum Opinion relating to the last known address issue, we held that the listing of the taxpayer's new address on a power of attorney form constituted clear and concise notification of a new address. However, in the second Opinion relating to the litigation fee issue we held as follows: The case law in this area, up to the time respondent sent the notice of deficiency and defended his position in this proceeding, was not settled with regard to the means of notification. We had decided in Abeles v. Commissioner, 91 T.C. 1019 (1988), that the address on the most current return would constitute a taxpayer's last known address. That case recognized respondent's contemporary computer capability to store and retrieve addresses reflected on more recently filed returns. In other cases, however, there was doubt as to the type of document and/or the format of the notification that would suffice to "clearly and concisely" notify respondent of a new address. See, for example, Monge v. Commissioner, 93 T.C. 22, 31-32 (1989); Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); *505 Lincoln v. Commissioner, T.C. Memo 1988-93; Tyler v. Commissioner, T.C. Memo 1985-510. [1990 Tax Ct. Memo LEXIS 590, T.C. Memo 1990-536, 60 T.C.M. (CCH) 1000, 1001, T.C.M. (RIA) 90536 at 2621.]
The developing computer capability of the IRS and its relationship to what information is available to the IRS continues to evolve. The continued advancement in computer technology and the increased ability of the IRS to access information through its computer system caused us to alter prior precedent when we issued our Opinion in Abeles v. Commissioner, supra. The instant litigation was one of the early opportunities the Court had to apply the doctrine as enunciated in Abeles to a situation of a notice of change of address by letter rather than by the filing of a subsequent year's return. We do not believe that respondent acted unreasonably in defending this litigation due to the uncertain and changing state of the law. In this regard, the timing between the notice of change of address and the issuance of the notice of deficiency was at most 14 days (letter sent by petitioner on November 6 and the notice *506 of deficiency issued on November 20), which is a shorter period than other recent Opinions by this Court as well as Courts of Appeals. Cf. Williams v. Commissioner, supra.[7]
Petitioners' motion for litigation costs and fees will be denied. Pursuant to the mandate of the Court of Appeals and further pursuant to our findings herein, An order will be entered (1) denying petitioners' motion for litigation costs and fees and (2) dismissing this case for lack of jurisdiction on the basis that a notice of deficiency was not sent to petitioners' last known address.
Footnotes
1. Section references are to the Internal Revenue Code, as amended and in effect for the period under consideration. Because the petition was filed on May 25, 1988, our consideration of sec. 7430 is the version enacted in sec. 292(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 572-574, as amended by sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, effective for civil proceedings commenced after Dec. 31, 1985, and on or before Nov. 11, 1988, as amended by sec. 6239(d) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743 et seq., effective for all civil tax proceedings commenced after Nov. 10, 1988. Rule references are to this Court's Rules of Practice and Procedure.↩
2. See supra↩ note 1.
3. Reding v. Commissioner, T.C. Memo 1990-536↩.
4. The opinion of the Court of Appeals has been referred to by respondent as a case of first impression setting a new standard for ascertaining petitioners' proper mailing address. The opinion has also been referred to as "A new computerization precedent." 44 Tax Lawyer 625, 631↩ (1991). 5. Internal Revenue Manual provisions setting forth the requirements of agents charged with the responsibility for mailing notices of deficiencies have been cited by this Court on prior occasions. See, for example, Taylor v. Commissioner, T.C. Memo 1988-152↩. See also II Audit, Internal Revenue Manual (CCH), par. 4253.5 at 7309-247. While there is reference to a review of a computer transcript, there is no reference to a PN code.
6. Petitioners do not seek, nor are they eligible to claim, administrative costs under the version of sec. 7430 applicable in this case.↩
7. We recognize that the time required to process a change of address based on the filing of a return may be greater than the time required to process a letter giving notice of a change of address. Neither of the parties have raised this point and the IRS computer capacity has not been sufficiently explained to ascertain what distinction should be made, if any.↩