JOHN D. LUECK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lueck v. Commissioner
Docket No. 869-88
United States Tax Court
T.C. Memo 1990-334; 1990 Tax Ct. Memo LEXIS 352; 60 T.C.M. (CCH) 27; T.C.M. (RIA) 90334; July 3, 1990, Filed Marshall W. Taylor, Karen J. Simonson, and Marc J. Winter, for the petitioner. Debra Lynn Reale, for the respondent. RUWE, Judge. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on cross-motions to dismiss for lack of jurisdiction. The sole issue for decision is whether the notice of deficiency was mailed to petitioner John D. Lueck's "last known address" within the meaning of section 6212(b). [1]
*354 FINDINGS OF FACT In a notice of deficiency dated May 3, 1985, respondent determined a deficiency in petitioner's Federal income tax of $ 24,507 for the taxable year ending December 31, 1981. Respondent also determined that petitioner was liable for the increased rate of interest provided for in section 6621(c). The notice of deficiency was addressed to John D. Lueck and Lola Lueck, [2] 5999 Trotters Lane, Alta Loma, California 91701 (Alta Loma address). Petitioner did not receive this notice or become aware of its existence within the 90-day period for filing a petition with this Court. At the time the petition was filed, the address of petitioner John D. Lueck was 255 West Mission, Suite 200, Pomona, California 91766 (Pomona address). Petitioner's law office is located at the Pomona address. Petitioner moved into the house located at the Alta Loma address in December 1977. He subsequently moved *355 out of that residence for a six-month period during 1979 while involved in a divorce proceeding. At the time, petitioner believed that his first wife would be awarded the house and he began using the Pomona address on most of his correspondence. Following the divorce, petitioner retained ownership of the residence located at the Alta Loma address and used it as his personal residence. After moving back into the house, petitioner used the Alta Loma address on his personal correspondence and tax returns, and he used the Pomona address for all matters relating to his law practice. In July 1982, petitioner married Lola Lueck. They separated in August 1983 and eventually divorced. During the marriage, they resided at the Alta Loma address. Mrs. Lueck moved out of the house in August 1983, and petitioner remained in the house until late December 1983. Petitioner sold the house on January 3, 1984. After selling the house, petitioner began to use the Pomona address on most of his correspondence. Petitioner filed his 1981 Form 1040 with the Internal Revenue Service Center at Fresno, California on May 10, 1982. The front page of the return shows the Alta Loma address. Attached *356 as part of the return was a Schedule C for petitioner's law practice and a Schedule C for a commercial fishing activity. On the Schedule C related to his law practice, petitioner listed the Pomona address as the business address. On the Schedule C related to the commercial fishing activity, the Alta Loma address is listed as the business address. A two-page form labelled "California Data Sheet" is also attached to the 1981 tax return. This form indicates that petitioner resided at the Alta Loma address. Also attached to the 1981 return is a copy of Form 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return) indicating that petitioner resided at the Alta Loma address. The Form 4868 is signed by petitioner. The envelope in which the 1981 tax return was mailed to the Internal Revenue Service shows the Pomona address as a return address. This address would have been stamped on the envelope by a secretary in petitioner's law office. Petitioner and his wife filed a joint 1982 income tax return. The Alta Loma address appears on the front page of the return. As with the 1981 income tax return, two Forms Schedule C were made part of the 1982 return. *357 The Schedule C relating to petitioner's law practice shows the Pomona address and the Schedule C relating to the commercial fishing activity shows the Alta Loma address. An attached Form 4868 shows the Alta Loma address. Petitioner and his wife filed a joint 1983 income tax return that was received by the Internal Revenue Service at the Fresno Service Center on July 26, 1984. The Alta Loma address appears on the front page of the return. Attached to the tax return were four Forms W-2. Two of the Forms W-2 identify John D. Lueck, Inc. as the employer and the Pomona address as the employer's address. One of these Forms W-2 shows John D. Lueck as the employee whose address is 5999 Trotters Lane, Rancho Cucamonga, CA 91701 and the other identifies Lola Lueck as the employee, but does not provide her address. A third Form W-2 shows John D. Lueck as the employer at the Pomona address and Lola Lueck as the employee without giving an address. The fourth Form W-2 shows the City of Ontario as the employer and John Lueck as the employee whose address is 5999 Trotters Lane, Rancho Cucamonga, CA 91701. As in previous years, a number of Forms Schedule C were made part of the 1983 income *358 tax return. On a Schedule C for "Lolas Domestic Service," the Alta Loma address is listed as the business address. On the Schedule C for petitioner's law practice, the Pomona address is listed as the business address. A copy of a 1983 Form 4868 bearing the Pomona address was attached to the return. On August 14, 1985, petitioner's 1984 income tax return was received by the Internal Revenue Service at Fresno, California. The front page of the return shows the Pomona address. The Form W-2 attached to the return identifies the employer as John D. Lueck, Inc. and identifies the employee as John D. Lueck. The Pomona address appears in both of the address boxes on the Form W-2. Attached to the return is a copy of a 1984 Form 4868 showing the Pomona address. A Schedule K-1 (Form 1120S) from Poussin, Incorporated was attached to the return showing petitioner's address as 5999 Trotters Lane, Rancho Cucamonga, CA 91701. The tax return was mailed to the Internal Revenue Service in an envelope bearing the Pomona return address. On July 30, 1986, duplicate originals of a notice of deficiency relating to petitioner's 1982 taxable year were mailed to the Alta Loma address and the Pomona *359 address. On August 4, 1986, the notice of deficiency mailed to the Alta Loma address was returned to the Internal Revenue Service as undeliverable. The notice of deficiency that was sent to the Pomona address was delivered to petitioner and, on October 17, 1986, petitioner filed a petition with this Court at docket No. 40798-86. In addition to filing individual income tax returns during the previously discussed time period, petitioner also filed a number of returns relating to his law practice. Petitioner filed a Form 941 (Employer's Quarterly Federal Tax Return) for the taxable quarter ending March 31, 1983. The first page of this return shows the Pomona address and the employer identification number assigned to petitioner's law practice. A Form 941 for the taxable quarter ending June 30, 1983 also shows the Pomona address and the same employer identification number. Petitioner also filed a Form 940 (Employer's Annual Federal Unemployment (FUTA) Tax Return) for taxable year 1983. The Pomona address and the same employer identification number are shown on the first page of this return. Information reported on tax returns is stored in respondent's computer system. The terms *360 "individual master file" and "business master file" describe accounts maintained in respondent's computer respecting taxpayers. Each individual master file "module" contains the data for a separate taxable period for income taxes. Similarly, each business master file module contains the data for a separate taxable period for business taxes. A taxpayer's individual master file contains the address for that taxpayer for purposes of his individual income taxes. The business master file contains an address for the business for purposes of business taxes. The individual master file is accessed through a taxpayer's social security number and the business master file is accessed through an employer identification number. Petitioner received a notice from the Internal Revenue Service Taxpayer Assistance Section dated September 5, 1983. The notice was addressed to petitioner's law practice at the Pomona address and references the employer identification number assigned to petitioner's law practice. The notice made adjustments to the Form 941 filed by John D. Lueck, Inc. for the quarter ending June 30, 1983. Petitioner also received a notice from an Internal Revenue Service Center *361 dated October 7, 1983, [3] that was addressed to his law practice at the Pomona address. This notice referred to the employer identification number assigned to petitioner's law practice and requested payment based on adjustments previously made to the Form 941 for the taxable quarter ending June 30, 1983. On April 1, 1985, petitioner received a letter from the Internal Revenue Service addressed to him at the Pomona address. The letter provided petitioner with notice, pursuant to section 6223(a), that respondent had commenced a partnership level examination of Beach Research Group Ltd. (Beach Research), an entity in which petitioner held an interest. The letter was addressed to petitioner in his individual capacity and referenced an identification number associated with the partnership entity under examination. OPINION Petitioner's motion is premised upon respondent's alleged failure to mail the notice *362 of deficiency to him at his last known address. Respondent asserts that the Court lacks jurisdiction because the petition was not filed within the time prescribed by section 6213(a). It is well settled that to maintain an action in this Court there must be a valid statutory notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Ward v. Commissioner, 92 T.C. 949, 955 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. [4]Sec. 6212(a) and (b)(1). Actual receipt of a statutory notice is immaterial if, in fact, it was mailed to the taxpayer's last known address. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); Wallin v. Commissioner, 744 F.2d 674, 676 (9th Cir. 1984), revg. and remanding *363 a Memorandum Opinion of this Court; United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982); United States v. Ahrens, 530 F.2d 781, 785 (8th Cir. 1976); Monge v. Commissioner, supra at 33-34; Frieling v. Commissioner, 81 T.C. 42, 52 (1983). While respondent must exercise reasonable diligence in ascertaining a taxpayer's correct address, he is entitled to treat the address appearing *364 on a taxpayer's most recently filed return as the last known address in the absence of clear and concise notification from the taxpayer directing respondent to use a different address. King v. Commissioner, 857 F.2d at 679; Ponchik v. Commissioner, 854 F.2d 1127, 1129 (8th Cir. 1988); Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985); Wallin v. Commissioner, 744 F.2d at 676; United States v. Zolla, supra at 810; Monge v. Commissioner, supra at 28; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). In construing the phrase "last known address," courts have focused on the Commissioner's knowledge at the time the notice of deficiency was mailed, rather than on what in fact may have been the taxpayer's actual address. Pyo v. Commissioner, supra at 633; Brown v. Commissioner, 78 T.C. 215, 218-219 (1982); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). *365 Petitioner bears the burden of proving that the 1981 notice of deficiency was not mailed to his last known address. Mollet v. Commissioner, 82 T.C. 618, 625 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Yusko v. Commissioner, 89 T.C. 806, 808 (1987); Rule 142(a). Petitioner's 1983 Form 1040 was the most recently filed income tax return at the time that the notice of deficiency for tax year 1981 was mailed to the Alta Loma address. The Alta Loma address appeared on the front page of that tax return. [5] Nevertheless, petitioner argues that respondent did not mail the notice of deficiency to his last known address. Petitioner argues that in instances in which an Internal Revenue Service employee preparing a notice of deficiency for mailing is *366 confronted with more than one possible last known address, the Government should be required to send duplicate notices of deficiency to all "apparent last known addresses" appearing in the taxpayer's administrative file. However, we have held that there can be only one last known address within the meaning of section 6212(b) with respect to any one taxpayer on the date that a notice of deficiency is issued. Abeles v. Commissioner, supra at 1030. [6] In any event, we do not believe that the Internal Revenue Service employee responsible for preparing petitioner's 1981 notice of deficiency was confronted with more than one possible last known address. The Alta Loma address appears on the front pages of petitioner's tax returns for the years 1981, 1982, and 1983. The 1984 tax return, filed on August 14, 1985, was the first tax return on which petitioner used the Pomona address on the front page. This return, however, was filed over three months after the 1981 notice of deficiency was mailed to the Alta Loma address. It follows, therefore, that absent clear and concise *367 notification from petitioner directing respondent to use a different address, respondent was entitled to treat the address appearing on petitioner's 1983 income tax return as the last known address. King v. Commissioner, 857 F.2d at 679; Ponchik v. Commissioner, supra at 1129; Cyclone Drilling, Inc. v. Kelley, supra at 664; Wallin v. Commissioner, 744 F.2d at 676; United States v. Zolla, supra at 810; Cool Fuel, Inc. v. Connett, supra at 312; Monge v. Commissioner, supra at 28; Abeles v. Commissioner, supra at 1035. Petitioner acknowledges that King v. Commissioner, supra and Abeles v. Commissioner, supra *368 specifically hold that a taxpayer's last known address is that address appearing on the taxpayer's most recently filed and processed return, unless respondent has been provided clear and concise notification that a different address is to be used. Nevertheless, petitioner argues that those opinions fail to define the term "address appearing on a return." Specifically, petitioner argues that in instances in which several addresses appear at various places on an income tax return, all those addresses should be considered possible or apparent last known addresses. Petitioner also argues that a return address on an envelope used to mail a tax return should be accorded more weight than an address appearing on the return itself. In our many opinions interpreting this issue we have tried to maintain a balance between the administrative burdens imposed on respondent and the interests of taxpayers in obtaining actual notice of respondent's deficiency determination. See Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985), affg. an Order of this Court; Monge v. Commissioner, supra at 32; *369 Abeles v. Commissioner, supra at 1034. In deciding these cases, however, we have never imposed on respondent the duty of mailing a copy of a notice of deficiency to an address appearing on a Form W-2, a Schedule C, or other attachment to a tax return. Although these documents are part of the tax return, we consider the address appearing on the front page of the return to be a taxpayer's address for purposes of determining his "last known address." [7] As to petitioner's argument concerning the weight to be afforded a return address on an envelope used to mail a tax return, we observe that a return address on an envelope is obviously not an address appearing on a return. *370 In further support of his position, petitioner argues that pursuant to the language of section 6212, respondent must examine a taxpayer's administrative file prior to preparing a statutory notice of deficiency in order to discover all "apparent last known addresses" appearing in that file. In the event that more than one "apparent last known address" is found in the file, petitioner argues that respondent must mail a duplicate copy of the notice of deficiency to all possible addresses. According to petitioner, the actual authority for issuance of the statutory notice is Section 6212(a) * * * which requires the government to send notice 'to' the taxpayer. The lukewarm terminology 'shall be sufficient' found in subsection (b)(1) implies a fallback available only for the definite minority of cases, where the effort to effectuate a mailing to the taxpayer is frustrated because the taxpayer is deceased, incompetent, etc.
Petitioner is misreading the statute. Section 6212 sets forth the requirements for mailing a notice of deficiency. Subsection (a) authorizes the Secretary *371 to send a notice of deficiency "to the taxpayer by certified mail or registered mail." This subsection does not specify the address to which the notice must be mailed to the taxpayer in order to be sent "to the taxpayer." Frieling v. Commissioner, supra at 51.The specific address requirements are set forth in subsection (b), entitled "Address for Notice of Deficiency." Paragraph (1) of subsection (b) provides that the notice of deficiency "shall be sufficient" if it is mailed to the taxpayer at his "last known address." In enacting section 6212(b)(1), Congress created a safe harbor that protects respondent by establishing a definite procedure for giving notice. Frieling v. Commissioner, supra at 52.Therefore, if a notice of deficiency is mailed to a taxpayer's last known address, as defined under section 6212(b), the notice is valid for purposes of section 6212(a). Frieling v. Commissioner, supra at 52. Petitioner argues that there is no clear evidence showing what addresses were contained in either the taxpayer's individual master file or business master file when the notice of deficiency was mailed. As we have *372 previously stated, the appropriate method for determining an individual taxpayer's last known address for purposes of section 6212(b) is to look to the address shown on the most recently filed income tax return unless, subsequent to filing the last return, the taxpayer gives clear and concise notice of a new address. We also have held that respondent is entitled to a reasonable amount of time to process the return before the address on the most recent return is deemed to be "available" to respondent's agents. Ward v. Commissioner, supra at 956-957; Abeles v. Commissioner, supra at 1035.Here, the 1983 return was filed on July 26, 1984. The notice of deficiency was mailed on May 3, 1985, over nine months after receipt of petitioner's last filed return. Under any standard of reasonableness, the 1983 return would have been processed and the address shown thereon would be petitioner's last known address, absent subsequent clear and concise notice. See Baptist v. Commissioner, T.C. Memo. 1990-280. Finally, petitioner points out that *373 on April 1, 1985, prior to the mailing of the notice of deficiency, the Internal Revenue Service mailed a letter which was addressed to him at the Pomona address. This letter provided petitioner with notice that respondent had commenced a partnership level examination of Beach Research. The April 1, 1985 notice was issued pursuant to section 6223(a). Section 6223(c) provides that notices issued under section 6223(a) are to be prepared based on information reported on the partnership return for the partnership under examination or from any additional information supplied by the tax matters partner. Thus, the rules for determining an individual partner's address for purposes of proceedings under section 6221 et seq., are distinct from those that have developed with respect to notices of deficiency. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We have previously dismissed this case for lack of jurisdiction insofar as it relates to Lola Lueck.↩
3. The Second Stipulation of Facts erroneously indicates that this notice was dated October 10, 1983.↩
4. In addition to certified or registered mail, respondent may use regular mail, hand delivery, and/or actual communication. Such methods, however, must provide the taxpayer with actual notice of respondent's determination to be sufficient under section 6212. See McKay v. Commissioner, 89 T.C. 1063, 1069 n.7 (1987), affd 886 F.2d 1237↩ (9th Cir. 1989).
5. Petitioner originally claimed that the Pomona address appeared on the front page of the 1983 return when it was filed. On brief, petitioner abandoned any argument based on this premise.↩
6. In situations where there is substantial doubt about a taxpayer's last known address, it would be prudent to mail notices to the various possibilities. See Reding v. Commissioner, T.C. Memo. 1990-278↩.
7. Although it has no bearing on the result in this case, we note that respondent recently set forth procedures for reporting a change of address to the Internal Revenue Service. Rev. Proc. 90-18, 1990-13 I.R.B. 19↩. The revenue procedure defines the address on a tax return as "the address information shown in the upper portion of the front page of the return."